The plaintiff secured a judgment in the circuit court of Dunklin county against the defendant, which is a fraternal beneficiary association organized under the laws of Nebraska and licensed to transact business in the State of Missouri.
The recovery was based on a certificate which was issued on the life of Henry A. Gill by the local Camp at Malden, Dunklin county, Missouri, dated September 10, 1896. The plaintiff made a prima-facie case by showing the death of her husband, which was on July 1, 1918; that his dues were all fully paid up at that time and that she was the beneficiary. The amount of the insurance was $1000. The defendant association appeals from the judgment, assigning several grounds for a reversal, which we will take up in the order arranged in its brief.
First, on the demurrer to the evidence. It is contended that the court should have sustained a demurrer offered by defendant at the close of the evidence, on the ground that the certificate provided that if the member habitually uses opiates, cocaine, chloral or other narcotics, or poison, the certificate shall be null and void. This contention is based on the ground that plaintiff herself admitted that her husband was addicted to the use of narcotics and hence there was no question to go to the jury and the court should have directed a verdict for the defendant. This contention is based on the following evidence in the case: After the death of plaintiff's husband, the family doctor, B.E. Garrison, of Wayne City, Ill., which was the residence of the deceased and *Page 69 
plaintiff at the time of the death, wrote a letter addressed to the clerk of the Camp of defendant at Malden, Missouri, but sent it to the plaintiff. The plaintiff admitted that she received the letter and read it and then forwarded it on to the defendant's clerk. In that letter it is stated the husband of plaintiff died from an overdose of opium compound, and the letter further stated as a fact that he was a narcotic and was addicted to the use of opium. Conceding, for the disposition of this case, that when these statements were made in a letter which the plaintiff herself first received and read, and was by her delivered to the defendant, that such statements would be treated as her own statements and admissions, and in the absence of any contradictory evidence, or evidence tending to explain or throw doubt on such written admissions, she should be barred from recovery under the wholesome rule laid down in a line of cases, such as Castens v. Knights Ladies of Honor, 190 Mo. App. 75, 175 S.W. 264; Stephens v. Insurance Co., 190 Mo. App. 675, 176 S.W. 253; Gilmore v. Modern Brotherhood of America,186 Mo. App. 445, 171 S.W. 629; Matthews v. Modern Woodmen, 236 Mo. 326, 139 S.W. 151. Yet on an examination of the record we find that there is evidence from which a jury could draw the logical conclusion that such a statement was not true and that the deceased was not addicted to narcotics. We refer to the evidence of the plaintiff in which she testified that she was not at home when her husband died, had left a few days before, and that all she knew about his death was what someone else told her, and that she did not know that her husband had been in the habit of taking narcotics.
The rule is well established that when a plaintiff makes out a prima-facie case the question of whether that prima-facie case is destroyed must be left to the jury, unless such rebuttal evidence conclusively binds plaintiff. [See Gooden v. Modern Woodmen,194 Mo. App. 666, 189 S.W. 394.]
In the case of Holmes v. Protected Home Circle,199 Mo. App. 528, 204 S.W. 202, it was held that the evidence furnished by plaintiff there in forwarding the *Page 70 
statement of the physician with the proofs of death that the deceased died from the effect of morphine, did not conclusively bind plaintiff when it was shown (see l.c. 534) that his fellow workmen and associates, who had known him for a long time and had seen him from day to day, testified that they had never seen any indications of the use of narcotics. We therefore hold that, conceding that the doctor's statement in the letter that deceased was a narcotic, was plaintiff's statement when she furnished it to the defendant, yet that could not conclusively bind her when it is shown that the wife of a man who has lived with him for years had no knowledge of his using narcotics.
It is next contended by the appellant that the evidence conclusively shows that plaintiff's husband came to his death by his own hand or act. The evidence referred to were the affidavits of the attending physician, a relative and the beneficiary. These affidavits stated that his death came from an overdose of opium compound. This in no way is evidence that the deceased met his death by his own hand. The only other evidence in the case from which this inference could be drawn was that of a letter from Dr. Garrison, which on its very face shows that his statements were merely his own deductions and conclusions, drawn from circumstances. Such evidence is far from being sufficient to overcome the presumption of love of life and falls far short of showing that his death was caused by an accident at his own hand.
It is next contended that the demurrer should have been sustained, because there was a provision in the policy that no suit could be brought after a year had elapsed from the date of the death, it being shown that the suit in this case was filed something over one year from the time of her husband's death. The ground upon which appellant raised this propostion is that the contract was an Illinois contract, and that under the laws of Illinois such provisions in insurance contracts are valid and enforceable. We cannot uphold the contention, however, because the facts show that this man was initiated *Page 71 
and lived in Malden, Missouri, at the time he became a member of the association, and at the time the policy was delivered to him, and that he had paid dues on said policy for years in Missouri, and had only left Missouri some three years prior to the date of his death. The law of Illinois in no way applies to this policy as it was a Missouri contract. The point is ruled against appellant.
It is next contended that the circuit court of Dunklin county had no jurisdiction over this action or the person of defendant. We cannot sustain this, because the circuit court of Dunklin county, being a court of general jurisdiction, the presumption will prevail that it had jurisdiction of this cause when the record does not affirmatively makes it appear that it had no jurisdiction. [See State v. Baker, 246 Mo. 357, 152 S.W. 46.] As said in the case of Davidson v. Schmidt, 256 Mo. l.c. 19, 164 S.W. 577, "The circuit court is a superior court of general jurisdiction and nothing will be presumed to be without its jurisdiction." When the record of a court of general jurisdiction is silent about a matter necessary to confer jurisdiction, the existence of such matter will be presumed. [State v. Fulton,152 Mo. App. 345, 133 S.W. 95; In re Ford, 157 Mo. App. 141, 137 S.W. 32.]
It is clearly decided in the opinion rendered by Judge FARIS, in State ex rel. v. Gantt, 274 Mo. 490, 203 S.W. 964, that where a non-resident insurance corporation is sued in Missouri, in order for a circuit court to have jurisdiction, the cause of action must have accrued in the county where the suit is brought, or it must be shown that the company had some agent or officer in the county transacting the usual and customary business of the company. In our case it is shown that the death did not occur in Dunklin county, therefore the cause of action did not accrue there, but there is nothing appearing in the record to show that the defendant did not have an agent or officer in Dunklin county transacting its usual and customary business. In the Gantt case (274 Mo. 490), the Supreme Court denied a writ of prohibition because it was not presumed that the defendant in that *Page 72 
case did not have agents and officers transacting its usual and customary business in Audrain county. Aside from this, the record in our case does show that when the certificate sued on was issued the defendant did have a Camp located in Malden, Dunkln county, Missouri, transacting its usual and customary business. And it is further shown that after the husband's death the plaintiff in this case furnished papers concerning his death to the clerk of the local Camp at Malden, Dunklin county, Missouri. This is certainly evidence from which it could be inferred that the defendant did have agents in Dunklin county transacting its usual and customary business, which, of course, would under the statute and holding of the Supreme Court give that court jurisdiction of the cause. There is no merit in defendants' plea to the jurisdiction.
Objection is made to the plaintiff's instructions. Upon reading the same we find that these instructions declare the law of the case to the jury.
Instruction No. 1 required the jury, among other things, to find that the deceased was in good standing at the time of his death. This, of course, was amplified in defendant's instructions which were given telling the jury that if they found that he was an habitual user of opiates, they must find for the defendant; or that he intentionally took an overdose of opium they must find for the defendant, and that unless they found that the statement made by Dr. Garrison that the deceased was a habitual narcotic had not been denied or explained, his statement would bind the plaintiff and bar a recovery. These are the affirmative defenses raised by the defendant, and a finding for it on the instructions would necessarily be a finding that plaintiff was not in good standing at the time of his death. The instructions of plaintiff and defendant, when read together, clearly defined the issues to the jury to be found and contain no reversible error.
It was proper for the court to refuse defendant's instruction No. 4, because it is for the court, and not the jury, to determine the question of jurisdiction. *Page 73 
All things being considered, we find that this case was well tried, and that the verdict is for the right party and should be affirmed, and it is so ordered.
Cox, P.J., and Bradley, J., concur.