THOMAS M. ISRAEL v. BALTIMORE AND ANNAPOLIS RAILROAD COM-
PANY, CAROLINA COACH COMPANY, AND RONALD MICHAEL
TEMPLE, SR.

(Filed 20 May, 1964.)

**Process § 15—**

> Where, in an action against a nonresident bus owner to recover for the
> negligent operation of the bus in this State, service on the nonresident is
> had by service on the Commissioner of Motor Vehicles, G.S. 1-105, the non-
> resident's motion to quash the service should be denied when the nonresi-
> dent offers no evidence in support of its allegations that it had leased the
> bus to be operated solely by and under the exclusive control of a resident
> corporation and under the resident corporation's franchise right.

APPEAL by plaintiff from *Olive, E. J.*, February 17, 1964 Civil Ses-
sion, GUILFORD Superior Court, High Point Division.

The defendant Baltimore and Annapolis Railroad Company, a
Maryland corporation, entered a special appearance and moved to
quash the service of process and dismiss the action on the ground that
the attempted service on the Commissioner of Motor Vehicles was in-
effective to bring the movant into court. From the order allowing the
motion and dismissing the action, the plaintiff appealed.

*Schoch & Schoch by Arch K. Schoch for plaintiff appellant.*

*McNeill Smith, James G. Exum, Jr., and Smith, Moore, Smith,
Schell & Hunter for defendant Baltimore and Annapolis Railroad
Company, appellee.*

*Jordan, Wright, Henson & Nichols by Welch Jordan for defendants
Carolina Coach Company and Ronald Michael Temple, Sr., appellees.*

HIGGINS, J. The plaintiff instituted this civil action to recover per-
sonal injury and property damages proximately resulting from a mo-
tor vehicle collision between the plaintiff's automobile and trailer, and
a 1961 GMC bus owned by the defendant Baltimore and Annapolis
Railroad Company and driven by its employee, the defendant Ronald
Michael Temple, Sr. The collision occurred at 9:20 A.M. on January
2, 1962, on U. S. Highway 29 near Reidsville, North Carolina, as the
vehicles were proceeding southward. The bus collided with the rear of
the trailer, resulting in plaintiff's injury and property damage.

The plaintiff alleged:

> "6. At the time herein complained of defendants Baltimore and
> Annapolis Railroad Company and Carolina Coach Company, by
> agreement, were engaged in a joint enterprise for the transporta-
> tion of passengers for hire. . . .

"9. At all times herein complained of defendant Ronald Michael Temple, Sr., was the agent and employee of defendant Baltimore and Annapolis Railroad Company, and was acting within the course and scope of his employment; and he received compensation in connection therewith from said defendant Baltimore and Annapolis Railroad Company.

"10. At all times herein complained of defendant Ronald Michael Temple, Sr., was the agent and employee of defendant Carolina Coach Company, and acting within the course and scope of such employment."

The plaintiff served process on Carolina Coach Company, a Virginia corporation, and on Ronald Michael Temple, Sr., a resident of Maryland. Both filed joint answers admitting allegation 9, but denying allegations 6 and 10. The plaintiff attempted to bring defendant Baltimore and Annapolis Railroad Company into court under G.S. 1-105, by service on the Commissioner of Motor Vehicles. The Baltimore and Annapolis Railroad Company entered a special appearance and moved to quash the service and dismiss the action on the ground the movant, though the owner of the bus, had leased it to the defendant Carolina Coach Company to be operated solely by the Carolina Coach Company under its exclusive direction, control, and supervision, and under its Interstate Commerce Commission franchise rights.

The Carolina Coach Company, while denying liability, conditionally alleged a cross action against the Baltimore and Annapolis Railroad Company, on the ground the Railroad's liability is primary and the Coach Company's liability, if any, is secondary.

The court heard the motion to quash upon affidavits and pleadings which disclosed the following: The Railroad Company leased its GMC bus, No. 1404, for a charter trip transporting 49 soldiers from Baltimore, Maryland, to Camp Jackson, South Carolina. The oral lease provided that the operator should pay the owner 55¢ per mile while carrying soldiers and 40¢ per mile while returning empty. The movant paid the driver, Temple, who expected to be relieved at Washington. For an undisclosed reason another driver was not provided.

Temple testified that when he arrived with the leased bus at Washington, he was instructed by *Safeway Bus Company's* dispatcher to proceed to Danville, Virginia, where a *Virginia Trailways* dispatcher instructed him to proceed to Charlotte, North Carolina. While following the last direction, he was involved in the collision with plaintiff's automobile and trailer. Whether these dispatchers were authorized to act for Baltimore and Annapolis Railroad Company or the Carolina

Coach Company, or both, or neither, does not appear from the evidence.

On the other hand, Otis A. Barnes, Director of Safety for Carolina Coach Company, testified the bus, at the time of the accident, carried a placard, "Chartered . . . Operated for *Safeway Trails, Inc.*, Washington, D. C., ICC—MC 84728." Mr. Barnes testified: "No employee, officer, or agent of Carolina Coach Company gave any instructions or orders whatsoever to Ronald Michael Temple, Sr., with respect to the January 1-2, 1962, trip of the bus, the operation of the same, or the manner in which it should be operated, or the route over which it should be operated."

The motion to quash the service was based on the affidavit of the Secretary for the Baltimore and Annapolis Railroad Company who stated its bus and driver were leased to Carolina Coach Company under an oral agreement. However, the placard in the bus showed "Operated for *Safeway Trails, Inc.*," under its ICC authority—MC 84728. Movant's driver received instructions from movant to proceed from Baltimore to Washington. There he received and followed instructions from *Safeway Bus Company* to proceed to Danville, Virginia. There he received instructions from *Virginia Trailways* to proceed to Charlotte, North Carolina. Movant's evidence, therefore, does not indicate that any agent of Carolina Coach Company at any time agreed to take any part in the transportation of the soldiers on movant's bus. The *conclusion* to that effect is unsupported by any factual averments in the movant's affidavits or motion. The order quashing the service and dismissing the action is

Reversed.