DONALD LUTHER BURGESS, BY HIS NEXT FRIEND THEODORE BURGESS v. HUGH GIBBS.

(Filed 23 September, 1964.)

**1. Courts § 2—**

It is the duty of a court on plea, motion, or *ex mero motu,* to dismiss a proceeding whenever it becomes apparent that the court is without jurisdiction of the matter.

**2. Same—**

Every court necessarily has inherent judicial power to inquire into, hear and determine questions relating to its jurisdiction, whether of law or fact.

**3. Appeal and Error § 49—**

Findings of fact by the court which are supported by competent evidence are binding and conclusive on appeal notwithstanding there may be evidence *contra*.

**4. Courts § 2;   Master and Servant § 84—Court properly dismisses action upon finding facts disclosing original jurisdiction of Industrial Commission.**

Where, in an action in the Superior Court to recover for personal injuries, defendant alleges as a plea in bar that the Industrial Commission has exclusive original jurisdiction, and the court finds upon supporting evidence that plaintiff and defendant were co-employees and that the injuries in suit occurred while defendant was transporting plaintiff from work to his home, and that the transportation was furnished by the employer as a part of the employment, *held*, the findings support the conclusion that the Industrial Commission has exclusive original jurisdiction, and it was not error for the court, without the intervention of a jury, to dismiss the action as a matter of law for want of jurisdiction. G.S. 97-10.1.

APPEAL by plaintiff from *McLean, J.,* April-May 1964 Session of RUTHERFORD.

Civil action to recover damages for personal injuries allegedly caused by defendant's actionable negligence in the operation of a pickup truck, in which plaintiff was riding as a passenger.

Defendant in his answer admits that plaintiff, an infant, was riding as a passenger in a pickup truck operated by him, that plaintiff sustained a slight injury while riding therein, but denies that he was guilty of any negligence in its operation.

As a further answer, defendant alleges as a plea in bar to plaintiff's action his immunity to suit and his nonliability under the provisions of G.S. 97-9 and G.S. 97-10.1 of the N. C. Workmen's Compensation Act. As a further defense, defendant alleges that the cause of plaintiff's injuries was an unavoidable accident.

Judge McLean, after the jury was empaneled and in its absence, heard evidence in respect to defendant's plea in bar. He made the following findings of fact, which we summarize, none of which are excepted to by plaintiff except those enclosed in parentheses:

Plaintiff was injured on 1 February 1963. On and before that date, plaintiff and defendant were employees of Charles McGuinn, who operated a mercantile establishment, consisting of a supermarket, a hardware store, and a service station in this State, and had on and before that date five or more regularly employed employees in such business. McGuinn and his employees were subject to and bound by the provisions of the N. C. Workmen's Compensation Act, and McGuinn had a policy of compensation insurance on said employees.

(McGuinn usually and ordinarily carried plaintiff to his home at the close of business, if he did not have other means of transportation, as a part of his employment.)

On the week before 1 February 1963, McGuinn was out of the State and had delegated to defendant during his absence the duties ordinarily performed by him. On a prior occasion during McGuinn's absence, defendant had carried plaintiff home from the supermarket when it closed. On 1 February 1963 defendant, after the close of business, was carrying plaintiff from his place of employment by McGuinn to his home. (The transportation of plaintiff by defendant on 1 February 1963, and on a prior occasion, was in furtherance of defendant's employer's business, and pursuant to authority and direction given him by McGuinn. Plaintiff's employment by McGuinn continued until he was returned to his home by his employer or his agent, unless plaintiff elected to secure other transportation. At the time of plaintiff's injuries, defendant was in the course and scope of his employment and about his employer's business in transporting plaintiff from his place of employment to his residence.) Defendant has filed notice of claim for compensation, but plaintiff has not.

Based upon the facts found by him, Judge McLean made conclusions of law to this effect: Plaintiff and defendant are bound by and subject to the provisions of the N. C. Workmen's Compensation Act, and a policy of workmen's compensation insurance was in effect at the time of plaintiff's injuries. (Plaintiff's injuries are the result of an accident arising out of and in the course and scope of his employment by McGuinn, and that by virtue of the provisions of G.S. 97-9 and G.S. 97-10.1, defendant, a fellow employee of plaintiff, is entitled to immunity from suit at common law by plaintiff for his injuries, and plaintiff's exclusive remedy for his injuries is against McGuinn, his employer, and his insurance carrier for compensation as provided in the N. C. Workmen's Compensation Act.) Plaintiff excepted to the judge's conclusions of law set forth in parentheses.

Whereupon Judge McLean entered judgment decreeing that defendant's plea in bar be sustained and that plaintiff's action be dismissed.

Plaintiff excepted and appealed.

*Hamrick & Hamrick by J. Nat Hamrick for plaintiff appellant.*

*Meekins, Packer & Roberts by Landon Roberts for defendant appellee.*

PARKER, J. Among other defenses, the answer of the defendant alleges as a plea in bar to plaintiff's action his immunity to suit at com-

mon law by plaintiff in this case and his nonliability under the provisions of G.S. 97-9 and G.S. 97-10.1 of the N. C. Workmen's Compensation Act.

A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity. *High v. Pearce,* 220 N.C. 266, 17 S.E. 2d 108. If a court finds at any stage of the proceedings it is without jurisdiction, it is its duty to take notice of the defect and stay, quash or dismiss the suit. *In re Davis,* 248 N.C. 423, 103 S.E. 2d 503. "This is necessary, to prevent the court from being forced into an act of usurpation, and compelled to give a void judgment. * * * So, *ex necessitate,* the court may, on plea, suggestion, motion, or *ex mero motu,* where the defect of jurisdiction is apparent, stop the proceeding." *Branch v. Houston,* 44 N.C. 85.

When the trial judge in the absence of the jury heard and decided all questions relating to the court's jurisdiction to entertain the instant action, he followed the sound rule that every court necessarily has inherent judicial power to inquire into, hear and determine the questions of its own jurisdiction, whether of law or fact, the decision of which is necessary to determine the questions of its jurisdiction. *Jones v. Oil Co.,* 202 N.C. 328, 162 S.E. 741; *Miller v. Roberts,* 212 N.C. 126, 193 S.E. 286; *Dellinger v. Clark,* 234 N.C. 419, 67 S.E. 2d 448; *Gilbert v. David,* 235 U.S. 561, 59 L. ed. 360; *Prack v. Weissinger,* 276 F. 2d 446; *Murphy v. Campbell Soup Co.,* 40 F. 2d 671; *Gill v. Sovereign Camp, W.O.W.,* 209 Mo. App. 63, 236 S.W. 1073; *Dolese Bros. v. Tollett,* 162 Okl. 158, 19 P. 2d 570; *Bridges v. Wyandotte Worsted Co.,* 243 S.C. 1, 132 S.E. 2d 18; *Brenner v. Great Cove Realty Co.,* 190 N.Y.S. 2d 337; 21 C. J. S., Courts, § 113, p. 174.

In *Bridges v. Wyandotte Worsted Co., supra,* the Court said:

"The issue of jurisdiction is basically one of law. It involves the determination by the court of its right to proceed with the litigation. A decision of this question by the court deprives a litigant of no right to a jury trial of the issue of liability because, if the court has no jurisdiction, the litigants have no rights which they may assert in that court. The right to have a jury pass upon the controverted factual issues must of necessity relate to the assertion of the right of the litigant which has been allegedly violated, which presupposes a court having jurisdiction to grant the relief sought. The determination of the jurisdictional question by the court is not a denial of any constitutional right of a litigant to a jury trial, but simply a determination of the forum in which those rights may properly be asserted. The decision of the question of whether the

court has jurisdiction is a preliminary one to the determination of the merits of the cause, and is for the court to decide."

*Young v. Mica Co.,* 212 N.C. 243, 193 S.E. 285, was an action to recover damages for an alleged wrongful death. Defendant averred a plea in bar on the ground that the Industrial Commission had exclusive jurisdiction by virtue of the N. C. Workmen's Compensation Act. On the question of jurisdiction there was conflicting evidence. This Court said: "On this conflicting evidence it was proper for the fact to be determined by submission of an issue to the jury." However, the Court does not say this was necessary.

In *Gilbert v. David, supra,* the district court, after hearing testimony from both parties on the question of plaintiff's residence, dismissed the suit on the sole ground of want of jurisdiction. It was contended that the court erred in not submitting the issue of jurisdiction to the jury. The United States Supreme Court said: "But while the court might have submitted the question to the jury, it was not bound to do so; the parties having adduced their testimony, pro and con, it was the privilege of the court, if it saw fit, to dispose of the issue upon the testimony which was fully heard upon that subject."

Jurisdictional questions arising upon motions to quash the service of process on supposed agents of foreign corporations have repeatedly been held by us to present questions for the court. *Israel v. R. R.,* 262 N.C. 83, 136 S.E. 2d 248; *Farmer v. Ferris,* 260 N.C. 619, 133 S.E. 2d 492; *Dumas v. R. R.,* 253 N.C. 501, 117 S.E. 2d 426; *Brown v. Coal Co.,* 208 N.C. 50, 178 S.E. 858; *Lumber Co. v. Finance Co.,* 204 N.C. 285, 168 S.E. 219.

Plaintiff's assignments of error to the court's findings of fact are overruled, because an examination of the evidence in the record before us shows that all challenged findings of fact are supported by competent evidence. Consequently, the challenged findings of fact are binding and conclusive upon us, notwithstanding if there be evidence *contra. Farmer v. Ferris, supra; Lumber Co. v. Finance Co., supra; Brown v. Coal Co., supra;* Strong's N. C. Index, Vol. 1, Appeal and Error, pp. 138-9.

Plaintiff's assignments of error to the court's conclusions of law and to the judgment are overruled.

G.S. 97-2(2) of our Workmen's Compensation Act defines the term "employee," so far as relevant here, thus: "The term 'employee' means every person engaged in an employment under any appointment or contract of hire or apprenticeship, express or implied, oral or written, including aliens, and also minors, whether lawfully or unlawfully employed * * *."

The judge's findings of fact show that plaintiff and defendant were both employees of McGuinn, that McGuinn and his employees were subject to and bound by the provisions of the N. C. Workmen's Compensation Act, and McGuinn furnished transportation to plaintiff to his home after his hours of employment as a real incident to his contract of employment, and consequently plaintiff was in the course of his employment when injured, because he had a right to the transportation. *Jackson v. Bobbitt,* 253 N.C. 670, 117 S.E. 2d 806; *Lassiter v. Telephone Co.,* 215 N.C. 227, 1 S.E. 2d 542.

The facts found by the judge show that plaintiff was injured in the course and scope of his employment while riding in an automobile driven by defendant, a fellow employee of plaintiff, who at the time was carrying plaintiff to his home in the conduct of his employer's business and pursuant to authority and direction given him by his employer. Under facts found by the court, plaintiff may not hold defendant liable in an action at law for negligence, since defendant was a person conducting the business of his employer within the purview of the immunity provision of G.S. 97-9. *Warner v. Leder,* 234 N.C. 727, 69 S.E. 2d 6; *Bass v. Ingold,* 232 N.C. 295, 60 S.E. 2d 114; *Essick v. Lexington,* 232 N.C. 200, 60 S.E. 2d 106. The rule stated in *Warner v. Leder, supra,* has been applied and recognized in *McNair v. Ward,* 240 N.C. 330, 82 S.E. 2d 85; *Johnson v. Catlett,* 246 N.C. 341, 98 S.E. 2d 458.

Judge McLean's findings of fact are supported by competent evidence, and they support the judge's conclusions of law that plaintiff cannot maintain his action at common law against defendant, his co-employee, and that plaintiff's exclusive remedy is against McGuinn, his employer, and his insurance carrier for compensation as provided in the N. C. Workmen's Compensation Act, G.S. 97-10.1, which conclusions of law are correct, and they in turn support the judge's judgment sustaining defendant's plea in bar and dismissing plaintiff's action for want of jurisdiction of the court over the subject matter of the action.

Affirmed.