DILLARD W. TISDALE AND WIFE, REBECCA D. TISDALE v.
LUTHER E. ELLIOTT

No. 7221DC19

(Filed 23 February 1972)

1. Evidence § 32— parol evidence rule

The parol evidence rule prohibits the use of parol evidence to vary, add to or contradict a written instrument.

2. Evidence § 32; Contracts § 26— parol evidence rule — evidence of defective condition of house

In this action to recover damages for breach of a contract to construct a house, the parol evidence rule was not violated by the admission of evidence of the condition of the house after its acceptance by plaintiffs.

3. Contracts § 23— acceptance of construction work — waiver of defects

The acceptance of work done under a construction contract with knowledge of a defective performance may be deemed a waiver of the defective performance, but an acceptance where the defect is unknown or latent does not waive the defective performance.

4. Contracts § 23— acceptance of construction work — underground drain pipe — latent defect

The defective condition of an underground drainpipe which caused water leakage into the basement of plaintiffs' home was a latent defect; consequently, plaintiffs' acceptance of the home did not waive such defect, and evidence of the defect was properly admitted in plaintiffs' action for breach of the contract to construct the home.

5. Contracts § 27— breach of construction contract — findings by court — sufficiency of evidence

In this action to recover damages for breach of a contract to construct a home, there was sufficient evidence to support the trial court's finding that underground drain tiles around the foundation of the house, were improperly installed and that the basement walls were not waterproofed with asphalt, causing water leakage in the basement, and to support the court's finding of the amount of damages suffered by plaintiffs.

APPEAL by defendant from Billings, District Judge, at the May 17, 1971 Session of FORSYTH District Court.

The plaintiffs, Dillard W. Tisdale and his wife, Rebecca D. Tisdale, brought this civil action to recover damages alleged to have resulted from the breach by defendant of a contract to construct a house for the plaintiffs.

The evidence was conflicting and was heard by the judge without a jury.

Tisdale v. Elliott

The evidence for plaintiff indicates a contract was entered into for the defendant to construct a house on a lot owned by the plaintiffs. The house was to be in accordance with the plans and specifications provided by the plaintiff. During the construction it was agreed that drain tiles would be installed around the foundation of the house. At the time plaintiffs occupied the house, water leakage into the basement was observed. Defendant advised that there would probably be no further leakage after the yard had been finally graded and settled. Defendant further promised that he would take care of any problem that persisted. Upon this assurance plaintiff made final payment. The leakage problem continued and damage occurred in certain finished rooms in the basement area. On several occasions the defendant attempted to stop the leakage, but these efforts were unsuccessful.

Plaintiff and defendant came to a parting of the ways over the basement leakage, and plaintiff employed a Mr. Marion. Marion dug out to the bottom of the foundation and discovered that drainage tile had been improperly laid. Marion repaired the drainage tile and regraded the yard. Thereafter, the leakage problem stopped. Plaintiff instituted this action for damages.

The defendant introduced evidence to the effect that he had advised plaintiff originally that due to the location of the lot and the grade of same that a water problem would be presented. Defendant contended that the drainage tile was not included in the contract and anyway the tile had been properly laid. He further contended that the grading of the yard was in accordance with directions furnished by the plaintiff, and that plaintiff had accepted the job and made final payment thereby consummating the entire transaction.

The judge as the trier of the facts found in favor of the plaintiff and awarded damages in the amount of $1,000.00.

From this judgment, defendant appeals.

*Womble, Carlyle, Sandridge & Rice by Eddie C. Mitchell for plaintiff appellees.*

*Roberts, Frye & Booth by Leslie G. Frye for defendant appellant.*

CAMPBELL, Judge.

The defendant raises three questions on appeal:

1. Did the trial court err in the admission of evidence?

2. Did the trial court err in making findings of fact not supported by any competent evidence, and in making the conclusion of law based upon erroneous findings of fact and lack of evidence?

3. Did the trial court err in failing to grant defendant's motion for a directed verdict at the conclusion of the plaintiffs' evidence and again at the conclusion of all the evidence and in the signing and entry of the judgment as appears of record?

The defendant's argument on the first question is that the trial court erred in admitting parol evidence in derogation of the written contract and of events occurring after final settlement.

The defendant made numerous objections to evidence introduced by plaintiff. This evidence was testimony as to the condition of the house after its completion by defendant and its acceptance by the plaintiff. Defendant argues that by the terms of the contract acceptance of the house by the plaintiff was a waiver of any known defects and therefore any evidence of conditions known to plaintiff at the time of acceptance is inadmissible.

[1, 2]   The parol evidence rule prohibits the use of parol evidence to vary, add to, or contradict a written instrument. Stansbury, N. C. Evidence 2d Ed., Sec. 251. The evidence to which defendant objected did not in any way vary, add to, or contradict the written contract. It was evidence of the condition of the house after acceptance by the plaintiff. It was evidence in support of plaintiff's allegation that defendant had breached the contract by failing to perform in a workmanlike manner.

The defendant argues that the defects in the plaintiff's house were known to plaintiff at the time of acceptance; that acceptance waived any known defects and that evidence of known defects was therefore inadmissible. We do not agree with the argument.

[3, 4]   It may be conceded that the plaintiff knew of a water problem at the time of acceptance. But the alleged cause of this

problem was the defective condition of a buried drainpipe. This defect, covered by several feet of earth, was certainly a latent defect. We agree with defendant that acceptance with knowledge of a defective performance may be deemed a waiver of the defective performance. But acceptance where the defect is unknown, or latent, does not waive the defective performance. *Cantrell v. Woodhill Enterprises, Inc.*, 273 N.C. 490, 160 S.E. 2d 476 (1968). The defect in the case before us was a latent defect. There was no error in the admission of evidence tending to establish a latent defect.

The defendant's second argument is that the judge made findings of fact not supported by any competent evidence.

The defendant assigns as error findings of fact Nos. 9 and 10 as follows:

"9. The defendant failed to perform the work on the foundation in a workmanlike manner in that the drain tiles were laid 18 inches away from the building foundation, they were not properly placed so as to form a continuous drain, they were not covered with suitable substance to prevent mud and silt from entering them, and the walls were not waterproofed with asphalt. This condition was not known to the plaintiffs at the time of payment under the contract.

10. That by reason of the failure of the defendant to perform the contract in a workmanlike manner, the plaintiffs have been damaged in the following respects:

(a) They have expended $650.00 in having the drain tiles relaid and the basement walls waterproofed, which amount is found to be reasonable.

(b) They have spent 200 hours cleaning water and tar from their basement walls and floor, and the reasonable value of such labor is $300.00.

(c) The bedroom and washroom walls are damaged by water and tar and the reasonable cost of repairs due to such damage is $50."

[5]  There is ample evidence to support finding of fact No. 9 in the testimony of plaintiff's witness Joe B. Marion. Mr. Marion testified that the drains were staggered, not together; that

nothing covered the joints; that the drains were half filled with mud and debris and that the tiles were laid 18 inches from the building foundation. There was further evidence that plaintiff was unaware of these conditions until Mr. Marion dug down to the drains to inspect them. There was also testimony that the walls of the basement had not been waterproofed and that the tiles, as they were laid were improper for drainage purposes.

The defendant presented evidence that the tiles were properly laid. But where there is a conflict in the evidence the question is one of fact to be determined by the trial court. *Burgess v. Gibbs*, 262 N.C. 462, 137 S.E. 2d 806 (1964). Where the findings of the trial court are supported by competent evidence they will not be disturbed on appeal. *Chappell v. Winslow*, 258 N.C. 617, 129 S.E. 2d 101 (1963). Competent evidence supports the findings in the case before us.

There is also sufficient evidence to support finding of fact No. 10. There is evidence as to the cost of relaying the drain tiles, the amount of labor required to clean the house after the leakage, the cost of labor and the cost of repairing the walls inside the house. The trial court's findings will not be disturbed.

The defendant contends that his motions for directed verdict should have been sustained. Viewing the evidence in the light most favorable to the plaintiff, there is ample evidence of a factual question for determination by the trier of the facts, and this was the judge in this case. The evidence supported the findings of fact and these supported the conclusion of law.

In the entire trial we find

No error.

Judges MORRIS and PARKER concur.