STROUD, Judge.
Defendants appeal from the trial court's order denying summary judgment to dismiss plaintiffs' negligence claims based upon their contention that plaintiff Morgan North's ("Morgan") claim must be brought before the Industrial Commission because Morgan was an employee of the McRae defendants when she was injured. Defendants have simultaneously denied the existence of an employment relationship between Morgan and the McRae defendants before the Industrial Commission. On appeal, defendants now argue that the trial court had no jurisdiction to decide their motions for summary judgment based upon the issues of existence of an employment relationship, and it should have dismissed plaintiffs' case because the Industrial Commission must make this determination in the first instance. Because parties cannot confer jurisdiction upon a court or upon the Industrial Commission merely by filing a claim or making an allegation, and based upon the forecast of evidence, the trial court correctly determined that there are genuine issues of material fact and summary judgment should be denied. We affirm the trial court's order.
I. Background
A. Factual Background
This case arises out of plaintiffs' complaint which includes claims of negligence of the defendants which allegedly caused serious injuries to Morgan. Plaintiffs' complaint alleged that defendants Richard H. McRae and Amy P. McRae ("the McRae defendants") operated six large chicken houses on a 93 acre tract of land in Scotland County, North Carolina, to grow and produce chickens for profit under an agreement with defendants Mountaire Farms, Inc. and Mountaire Farms, L.L.C. ("the Mountaire defendants"). The McRae defendants hired Melissa Barrington as their farm manager, and Ms. Barrington was paid weekly and provided with a place to live on the farm. The complaint further alleged that the McRae defendants were aware and approved of Ms. Barrington allowing her two daughters, Morgan, and another minor to assist her with her duties maintaining the farm, including helping out in the chicken houses. They were paid cash for their assistance.
On 2 August 2013, Ms. Barrington told the girls-including Morgan, who had been staying with the Barrington's on the chicken farm that week-that she needed help cleaning "the chicken dust off the louvers off the fans in one or more of the chicken houses[.]" While she was cleaning the louvers, "Morgan's right hand was pulled into the blades of the fan where she was working" and "she sustained severe and deep lacerations on the top of her wrist and fractures of four of her fingers. The skin on the top of her right hand was peeled away, and she sustained other severe physical injuries to her right hand as well as horrible disfigurement." We will not discuss the allegations of negligence in more detail as they are not relevant to this issue presented in this appeal.
B. Procedural Background
In July 2016, plaintiffs filed a complaint alleging Morgan's severe bodily injury was caused by the negligence of defendants. In November 2016, defendants answered, denying the allegations of negligence. The individual McRae defendants also raised seven affirmative defenses; the Mountaire defendants raised twenty affirmative defenses; and McRae's Electrical Contractors raised six affirmative defenses, although no defendant raised an affirmative defense of lack of jurisdiction based upon the Workers' Compensation Act. On 16 December 2016, defendants took an oral deposition of Morgan.
On or about 11 January 2017, Morgan filed a Workers' Compensation claim against the McRae defendants, alleging that she was their employee at the time of the injury. In February 2017, the McRae defendants filed a Form 61 Denial of Workers' Compensation Claim, alleging there was no employee/employer relationship between Morgan and the McRae defendants and that Morgan's compensation claim was not filed promptly. On 7 April 2017, the McRae defendants and the Mountaire defendants each moved for summary judgment. In their motions and supporting briefs, defendants claimed they were entitled to summary judgment on two grounds: (1) plaintiffs' failure to show negligence and proximate cause for her negligence claim; and (2) that plaintiffs' sole remedy was under the North Carolina Workers' Compensation Act. In addition to their argument that plaintiffs had failed to forecast evidence to support a negligence claim, defendants also requested that the trial court dismiss plaintiffs' case based upon the allegation of employment by the McRae defendants in Morgan's Workers' Compensation claim.
The trial court held a hearing on 24 April 2017 on defendants' summary judgment motions. At the start of the hearing, the Mountaire defendants' counsel-with consent from plaintiffs' counsel-moved to continue the hearing on two of the bases in their summary judgment motion, related to the "alleged joint venture or partnership between the Mountaire defendants and the McRaes" and the "negligence argument." The McRae defendants did not limit their arguments in this manner but addressed both jurisdiction and the "negligence, lack of proximate cause argument." The parties first addressed the issue which defendants presented as the primary focus of the summary judgment hearing, jurisdiction of the trial court over the negligence claims based upon defendants' argument that there was no genuine issue of material fact as to Morgan's status as an employee at the time of her injury so her sole remedy should be through the pending Workers' Compensation claim. On 4 May 2017, the trial court entered its order denying defendants' motion to strike and motions for summary judgment. Defendants timely appealed to this Court.
C. Motion to Supplement the Record
Before we address the substance of this appeal, we will address plaintiffs' motions to supplement the record. On 25 August 2017, plaintiffs moved to supplement the record on appeal, asking this Court to allow documents from the Workers' Compensation claim before the Industrial Commission to be included in the record on appeal. Although the parties presented some documents related to the Workers' Compensation claim at the summary judgment hearing and addressed that claim in their arguments-indeed, it was the primary topic of argument-plaintiffs' first motion asks to supplement the record with some documents filed by a party after the summary judgment hearing, so clearly these documents could not have been considered by the trial court. We deny plaintiffs motion on these documents and strike any references to those documents in plaintiffs' brief.
On 18 September 2017, plaintiffs filed a second motion to supplement the record on appeal and requested this Court take judicial notice of the Industrial Commission's "Order Granting Plaintiff's Motion to Stay All Proceedings," filed 30 August 2017. Defendants again objected and asked that any references be stricken. We allow plaintiffs' motion to supplement with the Industrial Commission's order granting a stay. Unlike the documents filed by the parties, the order is the official action of the Industrial Commission, which we can judicially notice, and it was submitted to support an argument that a portion of defendants' argument is now moot. See, e.g., State v. King , 218 N.C. App. 384, 387-88, 721 S.E.2d 327, 330 (2012) ("This Court may take judicial notice of the public records of other courts within the state judicial system. If a party requests that the court take judicial notice and provides the necessary information, it is mandatory that a court take judicial notice. Judicial notice may be taken at any stage of the proceeding, including on appeal." (Citations, quotation marks, and brackets omitted) ); In re Stratton , 159 N.C. App. 461, 462-63, 583 S.E.2d 323, 324 (2003) ("This Court is entitled to take judicial notice of this recent order. As our Supreme Court has held, consideration of matters outside the record is especially appropriate where it would disclose that the question presented has become moot, or academic[.] The district court's 10 June 2003 order renders this appeal moot. A case is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." (Citations, quotation marks, and brackets omitted) ). We allow the motion to supplement the record with the Industrial Commission's order granting a stay.
II. Interlocutory Order
Defendants concede that the 4 May 2017 order denying their motions for summary judgment is interlocutory because it did not dispose of the entire case; nevertheless, defendants argue that the order is immediately appealable because it affects a substantial right.
Generally, there is no right of immediate appeal from an interlocutory order. The prohibition against appeals from interlocutory orders prevents fragmentary, premature, and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts. However, there are two avenues by which a party may immediately appeal an interlocutory order or judgment. First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie. Second, an appeal is permitted under N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.
Blue v. Mountaire Farms, Inc. , --- N.C. App. ----, ----, 786 S.E.2d 393, 397-98 (2016) (citations and quotation marks omitted), disc. rev. denied , 369 N.C. 528, 797 S.E.2d 9 (2017). Defendants' argument before this Court is solely related to jurisdiction; defendants have not argued on appeal the issues of negligence and proximate cause and we do not address the trial court's denial of summary judgment on these issues.[1]
Defendants argue that "[t]he denial of a dispositive motion made on the ground that the North Carolina Workers' Compensation Act (the 'Act') provides the exclusive remedy, and the Industrial Commission the exclusive forum, affects a substantial right that will be lost absent immediate appeal." This Court has previously concluded that the denial of such a motion may be immediately appealed because it affects a substantial right. See, e.g. , Fagundes v. Ammons Development Group, Inc. , --- N.C. App. ----, ----, 796 S.E.2d 529, 532 ("This Court has appellate jurisdiction because the denial of a motion concerning the exclusivity provision of the Workers' Compensation Act affects a substantial right and thus is immediately appealable."), disc. review denied , --- N.C. ----, 803 S.E.2d 626 (2017) ; Bowden v. Young , 239 N.C. App. 287, 289, 768 S.E.2d 622, 624 (2015) ("[T]he denial of a Rule 12(b)(1) motion to dismiss based on the exclusivity provision of the North Carolina Workers' Compensation Act is immediately appealable as affecting a substantial right."). We therefore have jurisdiction to hear this appeal.
III. Denial of Summary Judgment
A. Standard of Review
The sole issue on appeal is whether the trial court erred in denying defendants' motions for summary judgment. We review the trial court's ruling on a motion for summary judgment de novo . See, e.g. Coastal Plains Utils., Inc. v. New Hanover Cty , 166 N.C. App. 333, 340-41, 601 S.E.2d 915, 920 (2004) ("A trial court's ruling on a motion for summary judgment is reviewed de novo as the trial court rules only on questions of law." (Citations omitted) ). Our Supreme Court has summarized the law regarding entry of summary judgment:
When there is a motion for summary judgment pursuant to Rule 56, the court may consider evidence consisting of admissions in the pleadings, depositions, answers to interrogatories, affidavits, admissions on file, oral testimony, and documentary materials. The court may consider facts which are subject to judicial notice, such presumptions as would be available upon trial, and any other materials which would be admissible in evidence at trial. The motion shall be allowed and judgment entered when such evidence reveals no genuine issue as to any material fact, and when the moving party is entitled to a judgment as a matter of law.
An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action. The issue is denominated "genuine" if it may be maintained by substantial evidence.
Summary judgment provides a drastic remedy and should be cautiously used so that no one will be deprived of a trial on a genuine, disputed issue of fact. The moving party has the burden of clearly establishing the lack of triable issue, and his papers are carefully scrutinized and those of the opposing party are indulgently regarded.
Koontz v. City of Winston-Salem , 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972) (citation omitted).
B. Distinction between Summary Judgment Motion and Rule 12(b)(1) Motion to Dismiss
Under Rule 56 of the North Carolina Rules of Civil Procedure, summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. Rule 56(c). Defendants argue that the trial court erred in denying defendants' motions for summary judgment because the Workers' Compensation Act provides the exclusive remedy for workplace injuries and the trial court thus lacked subject-matter jurisdiction over plaintiffs' civil claims. Because we are considering a summary judgment order, we must view the evidence in the light most favorable to plaintiffs as the non-moving parties. See Crocker v. Roethling , 363 N.C. 140, 142, 675 S.E.2d 625, 628 (2009) ("The trial court must consider the evidence in the light most favorable to the non-moving party.").
It is noteworthy that defendants filed a motion for summary judgment and not a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), because the analysis is not exactly the same for each type of motion. Many of the prior cases cited in the parties' briefs addressing this issue were based upon a motion to dismiss under Rule 12(b)(1), the most common and most appropriate basis for dismissal based upon a lack of jurisdiction, or Rule 12(b)(6). See N.C. R. Civ. P. Rule 12(b)(1) ; N.C. R. Civ. P. Rule 12(b)(6).
When considering a motion to dismiss for lack of subject matter jurisdiction, a trial court is not limited to the pleadings, but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing. On appeal from the denial of a motion to dismiss for lack of subject matter jurisdiction, this Court applies a de novo standard of review.
Burton v. Phoenix Fabricators & Erectors, Inc ., 194 N.C. App. 779, 782, 670 S.E.2d 581, 583 (2009) (citations and quotation marks omitted). Thus, the trial court may consider evidence outside the pleadings for both summary judgment and for a motion to dismiss under Rule 12(b)(1), but if the court is ruling on a motion to dismiss, it must resolve any issues of fact regarding jurisdiction. See generally id . In a summary judgment order, the trial court is simply determining if any genuine issue of material fact exists, but cannot resolve the issue. See, e.g., Forbis v. Neal , 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) ("The trial court may not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact."). Had the trial court been considering a motion to dismiss under Rule 12(b)(1), it could have made findings of fact regarding the jurisdictional facts, which we would then review de novo . See generally WLAE, LLC v. Edwards , --- N.C. App. ----, ----, 809 S.E.2d 176, 181 (2017) (" Rule 12 of the Rules of Civil Procedure provides that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. We review Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction de novo and may consider matters outside the pleadings." (Citations, quotation marks, and brackets omitted) ). But because this was a summary judgment motion and hearing, the trial court correctly did not make findings of fact. Thus, our review of the summary judgment order is confined to whether there is any genuine issue of material fact relevant to determining the ultimate jurisdictional fact of an employment relationship between Morgan and the McRae defendants.
C. Arguments at Hearing v. On Appeal
Defendants' argument on appeal seems to differ somewhat from their argument before the trial court. On appeal, defendants argue that the trial court did not have jurisdiction to make the determination of the employer/employee relationship but that the Industrial Commission must make this initial determination; they ask in their reply brief to stay the superior court proceedings for the Industrial Commission to make this determination first. Specifically, defendants' response to the second motion to supplement notes that defendants "are asking this Court to decide whether the Industrial Commission, which has exclusive jurisdiction over employees' claims against employers-is the appropriate body to make those determinations in the first instance."
This was not the issue as argued before the trial court. Defendants asked the trial court to make the determination that Morgan was an employee based upon the filing of the Workers' Compensation claim and some statements in the depositions and to dismiss the case because her exclusive remedy should be before the Industrial Commission. Defendants did not argue that the trial court lacked jurisdiction to determine whether Morgan was an employee of the McRae defendants; they asked the trial court to rule there was no genuine issue of fact, and she was actually an employee of the McRae defendants, at least for purposes of the negligence claim, and to dismiss the negligence claim for this reason. It is well-established that we do not normally consider arguments not raised before the trial court; "[o]ur courts have long held that where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount in the appellate courts." State v. Walker , --- N.C. App. ----, ----, 798 S.E.2d 529, 530, disc. review denied , 369 N.C. 755, 799 S.E.2d 619 (2017). But jurisdictional issues can be raised at any time, even for the first time on appeal. See, e.g., Huntley v. Howard Lisk Co. Inc. , 154 N.C. App. 698, 700, 573 S.E.2d 233, 235 (2002) ("Plaintiff raises the issue of subject matter jurisdiction for the first time on appeal. Although our Rules of Appellate Procedure require an appellant to list assignments of error in the record on appeal, N.C. R. App. P. 10(c)(1), the issue of subject matter jurisdiction may be raised at any time, even on appeal."). We will therefore first address the jurisdiction of the trial court to determine defendants' summary judgment motions.
D. Inherent Jurisdiction of Court to Determine Jurisdiction
Defendants raised no jurisdictional issue in their pleadings; defendants presented their contention regarding Morgan's status as an employee and exclusive remedy under Workers' Compensation to the trial court by their briefs and arguments at the summary judgment hearing and documents presented to the trial court regarding Morgan's Workers' Compensation claim. And just as this court may consider an issue of subject matter jurisdiction at any time, the superior court always has inherent jurisdiction to determine its own jurisdiction over a claim. See, e.g., Burgess v. Gibbs , 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964) ("When the trial judge in the absence of the jury heard and decided all questions relating to the court's jurisdiction to entertain the instant action, he followed the sound rule that every court necessarily has inherent judicial power to inquire into, hear and determine the questions of its own jurisdiction, whether of law or fact, the decision of which is necessary to determine the questions of its jurisdiction.").
Despite their argument before the trial court, defendants now argue that only the Industrial Commission has the jurisdiction to determine whether an employment relationship exists in the first instance. But defendants have cited no case in support of this proposition, and in prior cases, the trial court, instead of the Industrial Commission, has made the determination of jurisdiction based upon an employment relationship or lack thereof. See, e.g., Morse v. Curtis , 276 N.C. 371, 376-77, 172 S.E.2d 495, 499 (1970) ("Absent an unchallenged determination of jurisdiction coupled with action resulting in recovery by plaintiff, or a challenge to its jurisdiction resulting in a final appellate holding establishing the Commission's jurisdiction, plaintiff was not precluded from filing her action in Superior Court because she had previously filed claim with the Industrial Commission and defendant had thereafter admitted liability under the Workmen's Compensation Act. Consequently, Judge McLean, sitting without a jury, by consent of the parties, following the proper procedure in determining the pleas in bar by hearing evidence offered by the parties, finding facts, reaching conclusions of law, and thereupon entering judgment. His determination of these particular pleas in bar necessarily exercised the inherent judicial power of the court to determine its jurisdiction. Manifestly, this determination of jurisdiction is subject to appellate review. By the judgment entered the trial judge overruled defendant's pleas in bar." (Citations omitted) ). The trial court therefore had jurisdiction to consider defendants' motions for summary judgment and to determine its own jurisdiction.
E. Genuine Issue of Material Fact
Since we have determined that the trial court had jurisdiction to consider the summary judgment motions, we will now review the denial of the summary judgment motion. Before the trial court, defendants argued that the fact that Morgan was an employee of the McRae defendants at the time of her injury was established by the forecast of evidence, so the trial court should enter summary judgment dismissing the case based upon her employment status. Despite the absence of this issue in the pleadings, the question of whether Morgan was an employee of the McRae defendants apparently developed during her deposition in December 2016 and with the filing of Morgan's Workers' Compensation claim. At the hearing, defendants argued that the deposition testimony showed that Morgan was an employee of the McRae defendants:
We would also point out to the many, many places in the testimony that we have tendered where the same Plaintiffs have testified in this case facts about such employment relationship. Including that the work was regular, that it was in the scope of employment and that they were paid, albeit irregularly, to do this work.
Defendants also argued that Morgan's filing of a Workers' Compensation claim alone automatically estopped her from pursuing a negligence claim. Plaintiffs' counsel responded by pointing out that defendant McRae Electric had denied the existence of an employment relationship before the Industrial Commission:
In this case, though, however, Your Honor, in the response to the filing of Morgan North's Form 18, Defendant McRae Electric filed what's known as a Form 61 denial in which they denied the employment relationship. The Form 61 denial, among other things, says it's denied because there's no employee/employer relationship between the Claimant Morgan Taylor North and R.H. McRae Electric. In denying the employment relationship, they have denied the most essential element of the Workers Compensation claim-that being jurisdiction. So the question is can they deny jurisdiction of the claim and then ask this Court to dismiss this claim because we simply filed that claim.
The parties' allegations and evidence about the existence of an employment relationship between Morgan and defendants are conflicting; that conflict is the foundation of their arguments. Defendants contend that plaintiffs' civil suit is "barred by the workers' compensation claim Plaintiff Morgan North filed with the North Carolina Industrial Commission." But defendants provide no support for this contention, at least in the procedural context presented in this case.
It is generally true that when an employee is injured in the workplace, the employee may not recover in both a civil action and under a Workers' Compensation claim, and the North Carolina Workers' Compensation Act provides the exclusive remedy. See, e.g. Blue , --- N.C. App. at ----, 786 S.E.2d at 398 ("As a general proposition, the North Carolina Workers' Compensation Act ('the Workers' Compensation Act') provides the exclusive remedy available to employees seeking relief for work-related injuries resulting from the acts or omissions of their employers."). But it has not yet been established in this case-before the trial court or before the Industrial Commission-whether Morgan was an employee when she was injured.
In short, both plaintiffs and defendants argue that because the other party has made an allegation of jurisdiction before a tribunal-both the superior court and the Industrial Commission-the party and therefore the tribunal are bound by that allegation. Plaintiffs argue that defendants-and the trial court-are bound by the MacRae defendants' denial of an employment relationship before the Industrial Commission and note that defendants' answers and affirmative defenses in the negligence claim never mention an employment relationship. Defendants essentially argue that plaintiff-and the trial court-are bound by her allegation of an employment relationship in her Industrial Commission Form 18, although she made no allegation of such a relationship in this case, yet defendants are not bound by their allegation before the Industrial Commission she was not an employee.
Both are wrong, because parties cannot confer jurisdiction on a court merely by filing a claim or by alleging jurisdiction over the claim. See, e.g., Stark v. Ratashara, 177 N.C. App. 449, 451-52, 628 S.E.2d 471, 473 (2006) ("Subject matter jurisdiction cannot be conferred upon a court by consent, waiver or estoppel, and failure to demur or object to the jurisdiction is immaterial."). Thus, neither plaintiffs nor defendants can confer jurisdiction upon the superior court or the Industrial Commission by filing documents or making allegations.
At this point, the action in the Industrial Commission case is now stayed, which is a proper procedure under Woodson v. Rowland , 329 N.C. 330, 407 S.E.2d 222 (1991). In Woodson , the plaintiff
filed civil suits against Rowland Utility; Morris Rowland in his individual capacity; Davidson & Jones; and Pinnacle One Associates. In July 1987, plaintiff filed a Workers' Compensation claim to meet the filing deadline for compensation claims. In order to avoid a judicial ruling that she had elected a workers' compensation remedy inconsistent with the civil remedies she presently seeks, plaintiff specifically requested that the Industrial Commission not hear her case until completion of this action.
Id . at 336, 407 S.E.2d at 226. The Supreme Court of North Carolina noted that the Industrial Commission "complied with her request" to not hear the case until the civil suit had been completed, and the plaintiff at that point had "received no benefits under the Workers' Compensation Act." Id . The Supreme Court concluded that the plaintiff
may pursue simultaneously her workers' compensation claim and her civil action without being required to elect between them because the forecast of evidence tends to show that (1) [employee Thomas Sprouse's] death was the result of both an "accident" under the Act and an intentional tort; and (2) the Act's exclusivity provision does not shield the employer from civil liability for an intentional tort.
Id . at 337, 407 S.E.2d at 226. But the Court reiterated that "[p]laintiff is, of course, entitled to but one recovery." Id .
Plaintiffs noted before the trial court that they have not presented a Woodson claim, since plaintiffs have alleged only an ordinary negligence claim, and there was no question of employment status in Woodson . See generally id . But the underlying procedure in Woodson is still appropriate; until it has been determined whether Morgan is an employee, a genuine issue of material fact exists. As noted above, in prior cases, depending upon the procedural posture of the case, trial courts have made the determination of employment status in the context of a dispute regarding whether the claim must be pursued only before the Industrial Commission.
Defendants also argue that the trial court erred by failing to include findings of fact and conclusions of law in its order. But as noted above, findings would be improper in an order denying summary judgment because denial of summary judgment means that the trial court has found there are genuine issues of material fact. See, e.g. , Insurance Agency v. Leasing Corp. , 26 N.C. App. 138, 142, 215 S.E.2d 162, 165 (1975) ("If findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper. There is no necessity for findings of fact where facts are not at issue, and summary judgment presupposes that there are no triable issues of material fact.").
Defendants cite to Lemmerman v. Williams Oil Co. , 318 N.C. 577, 250 S.E.2d 83 (1986), to support their contention that "[w]hen a party raises an issue of subject-matter jurisdiction due to the exclusive-remedy provisions of the Act, the trial court is required to make findings of fact and conclusions of law in its order resolving the motion." But Lemmerman did not involve a summary judgment motion; it dealt with a motion to dismiss for lack of subject matter jurisdiction, and the parties had stipulated that the trial judge should find jurisdictional facts. Id . at 579, 350 S.E.2d at 85. Had defendants wanted the trial court to resolve the factual issues regarding Morgan's status as an employee, they could have followed the same procedure as in Lemmerman and moved to dismiss under Rule 12(b)(1). A ruling on a summary judgment motion cannot resolve an issue of material fact obvious in the pleadings and other information submitted at the hearing. See, e.g., Ragland v. Moore , 299 N.C. 360, 363, 261 S.E.2d 666, 668 (1980) ("In ruling on a motion for summary judgment, the court does not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact.").
Viewing the evidence in the light most favorable to plaintiffs, the deposition testimony, along with the filings with the Industrial Commission before the trial court at the time of the summary judgment hearing, create a genuine issue of material fact on whether Morgan was an employee of the McRae defendants when she sustained her injuries. To the extent that plaintiffs' own allegations are conflicting, since Morgan has filed a Workers' Compensation claim, we must view allegations "indulgently" and in the light most favorable to plaintiffs for purposes of summary judgment. See Koontz , 280 N.C. at 518, 186 S.E.2d at 901. And defendants' allegations are conflicting as well. Neither we nor the trial court on a summary judgment motion can resolve this genuine issue of material fact. We therefore conclude that the trial court had the inherent power to determine its own subject matter jurisdiction, or specifically, since the trial court denied summary judgment, to consider if there is a genuine issue of material fact about its own subject matter jurisdiction, so the trial court did not err in denying defendants' motions for summary judgment on this ground. The trial court also properly denied defendants' motions for summary judgment based upon a genuine issue of material fact regarding Morgan's status as an employee.
We emphasize that this Court's opinion is not a final adjudication of the underlying issue of whether Morgan was an employee, nor do we express any opinion on this issue. We also express no opinion on any issue or procedure in the pending Workers' Compensation case. Rather, we are simply affirming the trial court's order denying summary judgment based upon the existence of a genuine issue of material fact on the issue of Morgan's status as an employee of the McRae defendants.
IV. Conclusion
Accordingly, we affirm the trial court's order denying summary judgment.
AFFIRMED.
Report per Rule 30(e).
Judges ZACHARY and ARROWOOD concur.

Had defendants attempted to appeal denial of summary judgment on negligence and proximate cause, we would not have jurisdiction to consider those issues because there is no substantial right affected by a denial of summary judgment on those issues. See generally Wood v. McDonald's Corp. , 166 N.C. App. 48, 54, 603 S.E.2d 539, 544 (2004) ("The law is clear that a trial court's determination that there is an issue of fact of negligence or contributory negligence is interlocutory. It has long been held that like negligence, contributory negligence is rarely appropriate for summary judgment. Nor has a substantial right been affected by allowing negligence or contributory claims to survive summary judgment because defendants may still prevail on either of these issues before a jury." (Citations, quotation marks, and brackets omitted) ).