W. G. REVELS, L. C. OXENDINE, NATHAN STRICKLAND, AND BRITTON OXENDINE, IN THEIR OFFICIAL CAPACITIES AS THE PEMBROKE HIGH SCHOOL DISTRICT COMMITTEE, PLAINTIFFS v. NEWMAN OXENDINE, DEFENDANT.

(Filed 15 January, 1965.)

1. **Appeal and Error § 2—**

The Supreme Court will take notice *ex mero motu* that upon the face of the record plaintiff had no capacity to maintain the action.

2. **Courts § 2—**

At any time a court finds it has no jurisdiction of the proceeding it should stay, quash or dismiss the suit.

3. **Schools § 4—**

School committees are not given corporate status by statute and have no right to sue and defend in the courts. G.S. 115-69 *et seq.*

APPEAL by plaintiff from *Hall, J.,* September-October, 1964 Session, ROBESON Superior Court.

The plaintiffs in their official capacity as members of the Pembroke High School District Committee instituted this action seeking to have the court enjoin the defendant "from acting or purporting to act as principal of the Pembroke High School of Robeson County, North Carolina." The complaint alleges in substance that the county superintendent of schools nominated the defendant as principal to fill a vacancy in the Pembroke High School. The committee, by vote of 4 to 1, rejected his nomination. Thereafter, no additional names were proposed. The county superintendent of schools "declared to the County Board of Education that the principalship was in a state of disagreement." Whereupon, the county board selected the defendant who is now acting as principal.

The complaint also alleges that there was not such disagreement between the superintendent and the committee as would authorize the county board of education to select a principal for the school and invest him with authority to act as such.

The defendant filed a demurrer which the court sustained on the ground the complaint failed to state a cause of action. The plaintiffs excepted and appealed.

*Tally, Tally, Taylor & Henley by Nelson W. Taylor for plaintiff appellants.*

*Wm. E. Timberlake for defendant appellee.*

HIGGINS, J. At the threshold of this case we are confronted with a question of law not discussed or alluded to by either party but which appears upon the face of the record — the incapacity of the plaintiff committee to bring this action. Hence it becomes our duty *ex mero motu* to take notice of the defect. "If a court finds at any stage of the proceedings it is without jurisdiction, it is its duty to take notice of the defect and stay, quash or dismiss the suit. . . . 'So, *ex necessitate* the court may, on plea, suggestion, motion, or *ex mero motu,.* where the defect of jurisdiction is apparent, stop the proceeding.'" *Burgess v. Gibbs,* 262 N.C. 462, 137 S.E. 2d 806.

G.S. 115-27 provides: "The board of education of each county . . . shall be a body corporate . . . capable of . . . prosecuting and defending suits for or against the corporation." See *Fields v. Board of Education,* 251 N.C. 699, 111 S.E. 2d 910. G.S. 115-70 provides: "The county board of education . . . shall elect and appoint school committees for each of the several districts in their counties." G.S. 115-69

through 73 fixes the qualification and duties of school committees. The law does not give a committee corporate status; neither does it authorize a committee to sue or defend. These important functions are assigned to the county and city boards of education.

Sound reason exists for failure of the Legislature to give school committees corporate status with the right to sue and defend in the courts. In fact, committees are not given final authority. Their acts are under, subordinate to, and controlled by, the county or city boards. "County and city boards of education, subject to any paramount powers vested by law in the State Board of Education or any other authorized agency shall have general control and supervision of all matters pertaining to the public schools in their respective administrative units; they shall execute the school laws in their units." G.S. 115-27. School committees are not given the right to sue. That right does not arise by necessary implication from any duties assigned to them. We are forced to conclude, therefore, that the plaintiffs did not have the legal capacity to institute this action. For that reason we do not discuss any other questions but remand the cause to the Superior Court of Robeson County for the entry of judgment dismissing the action.

Remanded with direction.