INDIAN ROCK ASS'N v. BALL

[167 N.C. App. 648 (2004)]

———

INDIAN ROCK ASSOCIATION, INC., A NORTH CAROLINA NON-PROFIT CORPORATION, PLAINTIFF V. MARVIN L. BALL, JR., AND WIFE, IRENE F. BALL, DEFENDANTS

No. COA04-175

(Filed 21 December 2004)

## 1. Associations— maintenance of subdivision common areas and facilities—standing—authority to collect assessments

The trial court did not err by granting plaintiff association's motion for summary judgment even though defendant subdivision property owners assert that plaintiff does not have legal authority to collect assessments from defendants and consequently no standing to assert a claim for those assessments, because: (1) the subdivision developer conveyed subdivision streets and parks to plaintiff; (2) plaintiff maintains the subdivision common grounds and facilities and enforces compliance with covenants and restrictions placed on all lots within the subdivision; (3) in order to fulfill its obligation, plaintiff was sanctioned to, and did, collect funds from all subdivision property owners; and (4) plaintiff's inability to collect assessments from

property owners injures the association in its ability to carry out these duties.

**2. Appeal and Error— preservation of issues—failure to raise at trial**

Although defendant subdivision property owners contend the trial court erred by allowing plaintiff association's motion for summary judgment even though defendants contend the covenants based on which plaintiff sought to collect assessments are too vague to be enforceable, this assignment of error is dismissed because: (1) defendants failed to raise this issue before the trial court; and (2) nothing in defendants' assignments of error nor anything else in the record raises this issue.

Appeal by Defendants from orders entered 6 November 2003 by Judge Alfred W. Kwasikpui in District Court, Northhampton County. Heard in the Court of Appeals 2 November 2004.

*William T. Skinner, IV, for plaintiff-appellee.*

*Hux, Livermon & Armstrong, L.L.P., by H. Lawrence Armstrong, Jr., for defendant-appellants.*

WYNN, Judge.

Defendants Marvin L. Ball, Jr. and Irene F. Ball appeal from orders entered 6 November 2003 allowing Plaintiff Indian Rock Association, Inc.'s motion for summary judgment and denying the Balls' motion to dismiss. After careful review, we affirm the trial court's orders.

The procedural and factual history of the instant appeal is as follows: Indian Rock Association is a non-profit corporation organized and chartered in May 1971 for the purposes of maintaining the Indian Rock Subdivision's common grounds and facilities and enforcing compliance with covenants and restrictions placed on all lots within the subdivision. These covenants and restrictions were imposed by Lakeside Realty Company, Inc., which developed the Indian Rock Subdivision. As Indian Rock Association and the Balls stipulated and agreed in their pretrial conference on 9 June 2003, a 1968 affidavit executed by Lakeside Realty stated that "the buyer [of any Indian Rock Subdivision lot] shall promptly pay $10.00 to the Indian Rock Association and all other assessments which become due after the date of sales contract." Moreover, the affidavit stated that a buyer "is

entitled to full enjoyment of the Association's common properties subject to" certain recorded restrictions and covenants. The parties further stipulated and agreed that all Indian Rock Subdivision lots, including those owned by the Balls, are subject to those covenants, restrictions, and assessments.

In December 1971, Lakeside Realty recorded a deed conveying certain streets and parks to Indian Rock Association. Indian Rock Association owns no subdivision lots or property other than those streets and parks. In May 1976, an amendment to the Indian Rock bylaws was recorded; attached thereto was a Lakeside Realty resolution transferring all of its rights, title, and privileges in the restrictive covenants previously held by Lakeside Realty to Indian Rock Association.

Mr. Ball participated in Indian Rock Association's corporate activities from 1982 until at least 1984 as a member of Indian Rock Association's Board of Directors and at least one committee. Moreover, the Balls paid assessments on their lots until at least 1987. The Balls have since refused to pay dues and assessments to Indian Rock Association despite numerous demands. Indian Rock Association therefore filed an action similar to the case at bar on or around 27 July 1990. After a ruling in favor of Mr. Ball, Indian Rock Association voluntarily dismissed the case.

Indian Rock Association filed the instant action on 5 November 1998, seeking monetary assessments against the Balls. The Balls filed motions to dismiss. Indian Rock Association and the Balls entered into a pretrial conference order including substantial fact stipulations. Following a hearing on 25 August 2003, the trial court denied the Balls' motion to dismiss and granted summary judgment in favor of Indian Rock Association. The Balls appealed.

[1] The Balls first contend that the trial court committed reversible error in allowing Indian Rock Association's motion for summary judgment because Indian Rock Association did not have legal authority to collect assessments from the Balls and consequently no standing to assert a claim for those assessments. We disagree.

Whether Indian Rock Association has standing is a question of law and thus reviewed *de novo* by this Court. *Lee Ray Bergman Real Estate Rentals v. N.C. Fair Hous. Ctr.*, 153 N.C. App. 176, 179, 568 S.E.2d 883, 885 (2002). "To bring suit on its own behalf, an association need only meet the 'irreducible constitutional minimum' of a suffi-

cient stake in a justiciable case or controversy." *Creek Pointe Homeowner's Ass'n v. Happ*, 146 N.C. App. 159, 168, 552 S.E.2d 220, 227 (2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 119 L. Ed. 2d 351 (1992) (the "irreducible constitutional minimum" of Article III of the U.S. Constitution requires plaintiff who wishes to pursue claim in federal court to demonstrate (1) injury in fact, (2) causal relationship between injury and conduct complained of, and (3) likelihood that injury would be redressed by favorable verdict); *Transcon. Gas Pipe Line Corp. v. Calco Enter.*, 132 N.C. App. 237, 511 S.E.2d 671 (1999)).

Here, Lakeside Realty, the subdivision developer, conveyed subdivision streets and parks to Indian Rock Association. Indian Rock Association maintains the subdivision common grounds and facilities and enforces compliance with covenants and restrictions placed on all lots within the subdivision. In order to fulfill its obligations, Indian Rock Association was sanctioned to, and did, collect funds from all subdivision property owners, including, for numerous years, the Balls. Clearly, Indian Rock Association's inability to collect assessments from property owners

> injures the association in its ability to carry out th[ese] dut[ies]. The injury is causally connected to the defendant[s'] alleged behavior, and likely would be redressed by a favorable verdict in this action. Therefore, we hold that on the facts of this case, the association had standing to bring this suit[.]

*Creek Pointe Homeowner's Ass'n*, 146 N.C. App. at 168-69, 552 S.E.2d at 227.[1]

[2] The Balls next argue that the trial court committed reversible error in allowing Indian Rock Association's motion for summary judgment because the covenants based on which Indian Rock Association sought to collect assessments are too vague to be enforceable. However, "Defendant[s] 'cannot assert this on appeal because [they] failed to raise this issue before the trial court[.]' " *Crist v. Crist*, 145 N.C. App. 418, 423, 550 S.E.2d 260, 264 (2001) (quoting *Brooks v. Wal-Mart Stores, Inc.*, 139 N.C. App. 637, 650, 535 S.E.2d 55, 64 (2000),

---

1. The Balls rely heavily on *Beech Mountain Property Owners' Assoc. v. Current*, 35 N.C. App. 135, 240 S.E.2d 503 (1978) in arguing that Indian Rock lacks standing. This reliance is, however, misplaced. In contrast with the case *sub judice*, the Beech Mountain Property Owners' Association owned no subdivision property and was not authorized to enforce restrictions on lot owners.

*disc. review denied*, 353 N.C. 370, 547 S.E.2d 2 (2001)); N.C. R. App. P. 10. While the Balls cite to their Assignments of Error Nos. 1 and 2 for this proposition, nothing in their Assignments of Error nor anything else in the record before this Court raises this issue. Whether the covenants based on which Indian Rock Association sought to collect assessments are too vague to be enforceable is therefore not properly presented for our consideration.

In sum, we affirm the trial court's order granting Indian Rock Association's motion for summary judgment.

Affirmed.

Judges HUDSON and ELMORE concur.