HUNTER, JR., Robert N., Judge.
*460 Beach Capital Partners, LLC ("Respondent") appeals the trial court's order denying the appeal of the order to set aside foreclosure sale. Respondent contends its rights were "fixed" at the end of the 10-day upset bid period, and this Court should therefore order the trial court to instruct the clerk of court to confirm the sale and order Petitioner Trustee Services of Carolina, LLC ("Substitute Trustee") to convey property to Respondent. However, because Petitioners Jason C. Menendez *461 and Ann C. Menendez ("Petitioners Menendez") reinstated their loan and cured their default prior to the conclusion of the 10-day upset bid period, and because the Substitute Trustee returned Respondent's deposit, Respondent is left without any further remedy. We conclude Respondent is not a real party in interest to the contract between Petitioners Menendez and Petitioner Quicken Loans ("Petitioner Quicken") and the Substitute Trustee, and therefore Respondent does not have standing to pursue this action. Accordingly, we grant Petitioners' motion to dismiss Respondent's appeal.
I. Factual and Procedural Background
This action originates with a loan agreement for $244,980.00 entered into by Petitioners Menendez on 13 May 2016. Petitioners Menendez secured a loan through a deed of trust on property located at 5715 Bayleaf Lane, Greensboro, North Carolina. The trustee at this time was Petitioner Quicken.
On 28 November 2016, Petitioner Quicken appointed Substitute Trustee under the Deed of Trust. On 2 December 2016, the Substitute Trustee filed a Notice of Hearing Prior to Foreclosure of Deed of Trust. This initiated a power of sale foreclosure proceeding against Petitioners Menendez pursuant to N.C. Gen. Stat. § 45-21.16 et seq.
On 31 January 2017, the Guilford County Assistant Clerk of Court entered an order allowing the Substitute Trustee to proceed with the foreclosure sale. On 28 February 2017, the Substitute Trustee held a foreclosure *683 sale where Respondent was the highest bidder, with a bid of $190,100.00.
Less than 10 days later, on 6 March 2017, and prior to the confirmation of the sale, Petitioners Menendez reinstated their loan by making a $20,000.00 payment to Petitioner Quicken. On 7 March 2017, Petitioner Quicken notified the Substitute Trustee the Petitioners Menendez had reinstated their loan, and requested the rescission and setting aside of the foreclosure sale. On 17 March 2017, the Substitute Trustee filed a Motion to Set Aside the Foreclosure Sale and Report of Sale with Guilford County Superior Court. On 20 March 2017, the Guilford County Assistant Clerk of Court entered an Order to Set Aside the Foreclosure Sale and Report of Sale.
On 16 March 2017, the Substitute Trustee returned Respondent's deposit made at the foreclosure sale by sending a refund check to Respondent via UPS. Respondent received the check on 17 March 2017. On 21 March 2017, the Substitute Trustee mailed a Withdrawal of Notice *462 of Hearing/Termination to the court and the Petitioners Menendez. The Substitute Trustee also filed the Withdrawal of Notice/Termination with the Guilford County Clerk of Court's Office on 24 March 2017.
On 1 June 2017, Respondent filed a Notice of Appeal of the Clerk's order setting aside the foreclosure sale. On 4 August 2017, the trial court entered an order denying the appeal of the order setting aside the foreclosure sale. On 31 August 2017, Respondent filed its notice of appeal to this Court.
II. Standard of Review
"Standing is a necessary prerequisite to the court's proper exercise of subject matter jurisdiction." Creek Pointe Homeowner's Ass'n v. Happ, 146 N.C. App. 159, 164, 552 S.E.2d 220, 225 (2001). " 'If a party does not have standing to bring a claim, a court has no subject matter jurisdiction[.]' " Woodring v. Swieter, 180 N.C. App. 362, 366, 637 S.E.2d 269, 274 (2006) (quoting Coker v. DaimlerChrysler Corp., 172 N.C. App. 386, 391, 617 S.E.2d 306, 310 (2005) ). Whether a party has standing is a question of law which we review de novo . Indian Rock Ass'n v. Ball, 167 N.C. App. 648, 650, 606 S.E.2d 179, 180 (2004). The issue of standing may be raised for the first time on appeal and by this Court's own motion. Myers v. Baldwin , 205 N.C. App. 696, 698, 698 S.E.2d 108, 109 (2010).
III. Analysis
Respondent contends since its rights were "fixed" at the conclusion of the 10-day upset bid period, this Court should order the trial court to instruct the clerk of court to confirm the sale and order the Substitute Trustee to convey title and property to Respondent. We disagree.
"Every claim must be prosecuted in the name of the real party in interest[,]" Goodrich v. Rice , 75 N.C. App. 530, 536, 331 S.E.2d 195, 199 (1985) (citation omitted), and, by extension, "[a] party has standing to initiate a lawsuit if he is a 'real party in interest.' " Slaughter v. Swicegood , 162 N.C. App. 457, 463, 591 S.E.2d 577, 582 (2004) (citations omitted). "A real party in interest is a party who is benefited or injured by the judgment in the case. An interest which warrants making a person a party is not an interest in the action involved merely, but some interest in the subject-matter of the litigation." Energy Investors Fund, L.P. v. Metric Constructors, Inc. , 351 N.C. 331, 337, 525 S.E.2d 441, 445 (2000) (quoting Parnell v. Nationwide Mut. Ins. Co. , 263 N.C. 445, 448-49, 139 S.E.2d 723, 726 (1965) ). "Thus, the real party in interest is the party who by substantive law has the legal right to enforce the claim in question." Id. at 337, 525 S.E.2d at 445.
*463 In this case, Respondent is not the real party in interest. In a foreclosure pursuant to power-of-sale, a third party bidder has no interest in the underlying property or in the deed of trust pursuant to which that property is offered for sale. Therefore, the third party bidder has no legal right to force a forfeiture in satisfaction of the deed of trust. Foreclosure pursuant to power of sale is not a judicial proceeding, but rather a contractual proceeding with an overlay of judicial oversight. See In re Lucks , 369 N.C. 222, 225, 794 S.E.2d 501, 504 (2016) ("Non-judicial foreclosure by power of sale arises under contract and is not a judicial proceeding.").
*684 Chapter 45 of our General Statutes provides this judicial oversight, and does not "alter the essentially contractual nature of the remedy." In re Foreclosure of Goforth Properties, Inc., 334 N.C. 369, 374, 432 S.E.2d 855, 858 (1993) (citations omitted).
Foreclosure under Chapter 45 pursuant to power of sale does not create new rights in the underlying property or the deed of trust in third parties, including the third party bidder. Chapter 45 does create fixed rights of a third party bidder at the end of the 10-day statutory upset bid period. See N.C. Gen. Stat. § 45-21.27, 45-21.29A (2017). However, those rights are between the third party bidder and the trustee, and are not rights in the underlying property or the deed of trust. Sprouse v. N. River Ins. Co. , 81 N.C. App. 311, 316, 344 S.E.2d 555, 559 (1986). In Sprouse, this Court stated:
The deed of trust results in legal title to the property being in the trustee. In a foreclosure title remains in the trustee until he conveys it to the high bidder. Title does not pass before the conveyance. ... The high bidder is not entitled to an order of possession until payment of the purchase price. ... This is consistent with the general rule: The sale is executed only by the delivery of the deed. The prior proceedings amount merely to a contract of sale. Therefore the only rights that are "fixed" upon expiration of the 10-day period are the contractual rights of the high bidder to delivery of the deed upon tender of the purchase price and of the trustee to hold the bidder liable for that price.
Id. at 316, 344 S.E.2d at 559 (internal citations and quotation marks omitted). Until the purchase price is paid in full by the high bidder, the only duty of the trustee is to return the deposit on the bid. In fact, there is no contract, and the high bidder has no contractual right for delivery of the subject property, until the high bidder tenders the full purchase price. Id. at 316, 344 S.E.2d at 560.
*464 A deed of trust creates the trustee's rights and duties, and a trustee to a deed of trust only stands in a fiduciary relationship with the creditor and debtor. If there is a high bidder at a foreclosure proceeding, the trustee's only obligation to that bidder is to tender the deed upon payment of the purchase price. Sprouse at 316, 344 S.E.2d at 559. Respondent has not cited any language from the Deed of Trust or pointed to any case or statute which would create additional duties or obligations for the trustee to the high bidder.
In accordance with the terms of the Deed of Trust and pursuant to N.C. Gen. Stat. § 45-21.16, the notice of sale in this case provided the necessary details of the sale, and expressly stated the remedies and rights of the high bidder if the trustee was unable to convey title to the property. The contents of the notice of foreclosure sale in the instant proceeding expressly provide if the trustee is unable to convey the property, the third party bidder's sole remedy is the return of the deposit. The "Notice of Foreclosure Sale" provides:
If the trustee is unable to convey title to this property for any reason, the sole remedy of the purchaser is the return of the deposit. Reasons of such inability to convey include, but are not limited to ... reinstatement of the loan without the knowledge of the trustee. ... The purchaser will have no further remedy.
This notice of foreclosure sale was mailed to all interested parties, published in local newspapers, and posted at the designated location in the courthouse to put the public on constructive notice of the terms of the sale. The Substitute Trustee was also required to cry the sale at the designated location and time, and required to read the contents of the notice of foreclosure sale out loud even if there were no potential bidders present.
In this case, Respondent was present at the foreclosure sale since the Report of Sale shows Respondent was the high bidder at the time of sale. Not only did Respondent have constructive notice of the contents of the "Notice of Foreclosure Sale" and the terms contained therein, but Respondent had actual notice of the rights of the purchaser because Respondent was present when the Substitute Trustee called for bids on 28 February 2017.
*685 Respondent placed a bid and tendered a deposit of $9,505.00 at the sale, and proceeded to wait for the upset bid period to expire and for the sale to confirm. However, as expressly provided in the "Notice of Foreclosure Sale," and pursuant to the terms of the Deed of Trust and *465 Chapter 45, the Substitute Trustee was unable to convey title because Petitioners Menendez reinstated the loan. The "Notice of Foreclosure Sale" also provides the high bidder's sole remedy is the return of the deposit. Accordingly, Respondent received its deposit ten days after Petitioners Menendez cured the default. The Substitute Trustee owes no further duty to Respondent.
A third party bidder's rights, whether or not they are "fixed" pursuant to N.C. Gen. Stat. §§ 45-21.27 and 45-21.29A, cannot alter the rights of the parties to the Deed of Trust underlying a power-of-sale foreclosure. Those rights cannot be controlled by third party bidders in a power-of-sale foreclosure, and a third party bidder has no standing to force a forfeiture by prosecuting the rights of others. Because we conclude Respondent does not have standing to maintain this action, we grant Petitioners' motion to dismiss.
DISMISSED.
Judges BRYANT and CALABRIA concur.