IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-399

Filed 18 April 2023

Orange County, No. 21 CVS 1454

IN THE MATTER OF:

CUSTODIAL LAW ENFORCEMENT AGENCY RECORDING SOUGHT BY:

CAPITOL BROADCASTING COMPANY, INCORPORATED, D/B/A WRAL-TV; NEXSTAR BROADCASTING, INC., D/B/A WNCN-TV; WTVD TELEVISION LLC, D/B/A WTVD-TV, THE MCCLATCHY COMPANY, D/B/A THE NEWS & OBSERVER, and GANNETT NC, D/B/A WILMINGTON STARNEWS,

Petitioners.

Appeal by putative intervenor Michael Savarino from order entered 20 January 2022 by Judge R. Allen Baddour in Superior Court, Orange County. Heard in the Court of Appeals 15 November 2022.

> *Coleman, Gledhill, Hargrave, Merritt, & Rainsford, P.C., by Cyrus Griswold, for putative-intervenor-appellant Michael Savarino.*
>
> *Stevens Martin Vaughn & Tadych, PLLC, by Michael J. Tadych, K. Matthew Vaughn, Elizabeth J. Soja, and Hugh Stevens, for petitioners-appellees.*
>
> *No brief filed by respondents-appellees.*

STROUD, Chief Judge.

Putative Intervenor Michael Savarino appeals from an order granting the release of law enforcement recordings to Petitioners, a group of media organizations, of an incident in which he was arrested. Because the petition seeking the recordings

was not filed as a civil action in compliance with the provisions of North Carolina General Statute § 132-1.4A(g) (eff. 1 Dec. 2021) ("Section 132-1.4A"), but instead was filed using an Administrative Office of the Courts ("AOC") form, the trial court did not have subject matter jurisdiction. Therefore, we vacate the trial court's order granting release of the recordings.

## I.  Background

According to the allegations in the petition that initiated this case, on 14 November 2021, two Duke University Men's Basketball Team players, one of whom was putative intervenor Savarino, were arrested. (Capitalization altered.) On 17 December 2021, Petitioners filed the petition seeking the "release of all body cam footage, dashboard camera recordings, cell phone recordings, or any other recordings related to this incident" pursuant to Section 132-1.4A(g). Petitioners used an AOC form, AOC-CV-270, to file their petition and checked the box on the form indicating they were proceeding under "G.S. 132-1.4A(g)."

Pursuant to the petition, on 6 January 2021, the trial court filed an initial order "to provide custodial law enforcement agency recording for in-camera review" and "to provide notice of hearing" to the relevant law enforcement agencies who had custody of the "recording[s] identified" in the petition. (Capitalization altered.) As part of this initial order, the trial court scheduled a hearing on the petition for 14 January 2022.

The case came for hearing as scheduled on 14 January 2022. At the hearing, Petitioners presented their arguments in favor of releasing the recordings of Savarino's arrest, and the District Attorney, a respondent, argued against release, with North Carolina State Highway Patrol, also a respondent, deferring to the District Attorney's arguments. Savarino's attorney also appeared at the hearing, after he had entered a notice of appearance the previous day, and argued, over Petitioners' objection, against the release of the recordings.[1]

On 20 January 2022, the trial court entered a written order granting the petition and ordering release of the recordings subject to certain conditions in the order. On the same day, Savarino filed notice of appeal from the order granting the petition.[2]

## II. Analysis

We cannot address the arguments on appeal from Savarino and Petitioners because we conclude the trial court did not have subject matter jurisdiction in this case. Although no party argues the trial court lacked subject matter jurisdiction, "[i]t is the continuing duty of this Court to [e]nsure, even *sua sponte*, that the trial court had subject matter jurisdiction in every action it took." *Quevedo-Woolf v. Overholser*,

---

[1] The record does not clarify how Savarino's attorney came to learn of the hearing; he was not listed on the certificates of service for the petition or the trial court's initial order setting the matter for hearing.

[2] While this case has subsequent procedural history in the trial court following the notice of appeal, we do not recount it because it does not impact the appeal.

261 N.C. App. 387, 409, 820 S.E.2d 817, 832 (2018); *see also Revels v. Oxendine*, 263 N.C. 510, 511, 139 S.E.2d 737, 738 (1965) (explaining "it becomes our duty *ex mero motu* to take notice of" a jurisdictional defect even when it was "not discussed or alluded to by either party"). "A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity." *Burgess v. Gibbs*, 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964).

This Court's recent decision in *In re Custodial Law Enforcement Agency Recordings* requires us to hold the trial court here lacked subject matter jurisdiction.[3] *See generally In re Custodial Law Enforcement Agency Recordings*, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___ No. COA22-446, slip op. at *6-15 (7 February 2023) (hereinafter "*In re Custodial*"). In that case, this Court was reviewing a trial court's ruling dismissing a petition, filed with form AOC-CV-270, the same form used here, requesting the release of law enforcement recordings under Section 132-1.4A(g), *see id.* at *4-6, which governs the release of "[r]ecordings in the custody of a law enforcement agency" to "any person[.]" N.C. Gen. Stat. § 132-1.4A(g); *see also In re Custodial*, slip op. at *7-8 (discussing the organization of Section 132-1.4A and the role of sub-section (g) in releasing recordings). The trial court dismissed the petition based on, *inter alia*, North Carolina Rule of Civil Procedure 12(b)(1) which covers lack

---

[3] Despite the similarity in case name, *In re Custodial Law Enforcement Recordings* is not related to this case. *See In re Custodial Law Enforcement Agency Recordings*, ___ N.C. App. ___, ___, ___ S.E.2d ___, ___, No. COA22-446, slip op. at *2 (7 February 2023) (hereinafter "*In re Custodial*") (explaining recordings sought were from a shooting in Elizabeth City and subsequent protests).

of subject matter jurisdiction—because the petitioners had "failed to file 'an action' in compliance with" Section 132-1.4A(g). *In re Custodial*, slip op. at *6.

This Court affirmed the trial court's ruling dismissing the petition for lack of subject matter jurisdiction under Rule 12(b)(1). *Id.* at *15-16 (explaining the trial court "did not err by dismissing [the] petition under Rule[] 12(b)(1)" and others sub-sections of Rule 12(b) before later affirming); *see also* N.C. Gen. Stat. § 1A-1, Rule 12(b)(1). First, the *In re Custodial* Court clarified the "core" of the trial court's "decision turned on [the p]etitioners' failure to file and serve a proper action resulting in a lack of standing[,]" *In re Custodial*, slip op. at *6, which is a component of subject matter jurisdiction. *See id.* (grouping together review of "decisions regarding standing and jurisdiction"); *see also In re Menendez*, 259 N.C. App. 460, 462, 813 S.E.2d 680, 683 (2018) ("Standing is a necessary prerequisite to the court's proper exercise of subject matter jurisdiction. If a party does not have standing to bring a claim, a court has no subject matter jurisdiction." (citations, quotation marks, and brackets omitted)). Specifically, this Court explained the trial court determined Section 132-1.4A(g), in contrast to other sub-sections of Section 132-1.4A, "requires the party seeking the release to file an 'action,' but [the p]etitioners had filed only a petition using the AOC-CV-270 form." *In re Custodial*, slip op. at *7-10.

The *In re Custodial* Court then determined, based on its statutory interpretation, that the trial court correctly determined the petition via form AOC-CV-270 was not sufficient to confer standing, and thus subject matter jurisdiction.

*See id.* at \*6, \*10-15 (explaining the trial court did not err in dismissing under 12(b)(1) after having previously explained the trial court's 12(b)(1) ruling was based on standing and jurisdiction). The petitioners instead needed to file "an ordinary civil action." *See id.* at \*12. As part of this analysis, the *In re Custodial* Court noted Section 132-1.4A(g) specifically used the term "action" but subsection (f) allowed a person seeking release to use a "petition" approved by AOC. *Id.* at \*13; *see* N.C. Gen. Stat. § 132-1.4A(f) (eff. 1 Dec. 2021) (indicating a petition under this subsection "shall be filed on a form approved by" AOC). Because the petitioners, proceeding under subsection (g), had only used an AOC form and had not filed an action, the trial court properly dismissed their petition for lack of subject matter jurisdiction. *See In re Custodial*, slip op. at \*15-16 (explaining the trial court "did not err by dismissing [the] petition under Rule[] 12(b)(1)"); *see also* N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (enumerating defense of lack of subject matter jurisdiction).

As the *In re Custodial* Court alludes to in its analysis, *see In re Custodial*, slip op. at \*7-9, \*13 (discussing roles of different subsections of Section 132-1.4A), Section 132-1.4A sets out different requirements for various types of petitioners and types of recordings in great detail, so the analysis of each case depends on who is requesting release of the recording and what is depicted in the recording. For example, subsections (b1) through (b4) set out specific requirements for disclosure of recordings "which depict[ ] a death or serious bodily injury" to specific enumerated parties. N.C. Gen. Stat. § 132-1.4A(b1)-(b4) (eff. 1 Dec. 2021). These requirements include

submitting the request via a form developed by AOC. *See* N.C. Gen. Stat. § 132-1.4A(b2). Subsection (c) addresses disclosures of recordings which do not "depict[] a death or serious bodily injury" and allows disclosure to certain enumerated parties including "[a] person whose image or voice is in the recording" and various representatives of such a person. *See* N.C. Gen. Stat. § 132-1.4A(c)(1)-(5) (eff. 1 Dec. 2021) (listing people who can receive disclosures after stating (b1)-(b4) exclusively govern disclosure of "[r]ecordings depicting a death or serious bodily injury").

Here, Petitioners do not include any person depicted in the recording or a custodial law enforcement agency; Petitioners are media organizations. There is no allegation the recording depicts serious bodily injury or death. Saravino, who attempted to intervene, is a person who could petition for disclosure or release under Section 132-1.4A(c) and (f) since he was depicted in the recording, *see* N.C. Gen. Stat. § 132-1.4A(c) (permitting disclosure to a "person whose image or voice is in the recording"); N.C. Gen. Stat. § 132-1.4A(f) (providing procedure for anyone listed in (c) to seek release of a recording), but by attempting to intervene, he was seeking to prevent release to Petitioners, not to obtain disclosure or release himself.

Since Petitioners are not specifically identified parties who are granted an expedited disclosure or release process under other subsections of Section 132-1.4A, they are proceeding under subsection (g), as indicated on their petition filed using form AOC-CV-270. The petitioners in *In re Custodial*, were also media organizations seeking disclosure under Section 132-1.4A(g) and also used form AOC-CV-270. *See*

*In re Custodial*, slip op. at \*2, \*10, \*15. Since Petitioners used form AOC-CV-270 rather than file an "ordinary civil action[,]" they did not have standing, and, thus, the trial court did not have subject matter jurisdiction. *Id.* at \*6, \*10-12, \*14-15; *see In re Menendez*, 259 N.C. App. at 462, 813 S.E.2d at 683 (explaining standing is a "prerequisite" for a court to have subject matter jurisdiction). Since the trial court— which did not have the benefit of this Court's opinion in *In re Custodial*, *see In re Custodial*, slip op. at \*1 (indicating case was filed 7 February 2023)—lacked subject matter jurisdiction, its proceedings in this case were "a nullity." *Burgess*, 262 N.C. at 465, 137 S.E.2d at 808.

### III.    Conclusion

Petitioners were required to proceed under the provisions of Section 132-1.4A(g), which provides that recordings "shall only be released pursuant to court order" and that the "person requesting release . . . may file an action in the superior court in any county where any portion of the recording was made for an order releasing the recording." N.C. Gen. Stat. § 132-1.4A(g). Because Petitioners used an AOC form, and did not file a civil action as provided by subsection (g), the trial court lacked subject matter jurisdiction over this case. Because the trial court lacked subject matter jurisdiction, we vacate its order granting the petition and releasing the recordings.

VACATED.

Judges DILLON and GORE concur.