An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

Nos. COA25-263, 25-264

Filed 21 January 2026

Nash County, No. 23CVS001319-630

BENJAMIN L. EAGLES, in his capacity as court-appointed Receiver for Shemaro Deann Webb; and JOSEPH P. TUNSTALL, in his capacity as court-appointed Receiver for LaDorothy Foreman, Plaintiffs,

v.

INTEGON INDEMNITY CORPORATION, Defendant.

---

Forsyth County, No. 23CVS004230-330

INTEGON INDEMNITY CORPORATION, Plaintiff,

v.

BENJAMIN L. EAGLES, in his capacity as court-appointed Receiver for Shemaro Deann Webb; and JOSEPH P. TUNSTALL, in his capacity as court-appointed Receiver for LaDorothy Foreman, Defendants.

Appeal by Integon Indemnity Corporation from orders entered 27 August 2024 by Judge Edwin G. Wilson in Nash County Superior Court and Forsyth County Superior Court. Heard in the Court of Appeals 10 September 2025.

*McAngus, Goudelock & Courie, PLLC, by Jeffrey B. Kuykendal, for plaintiff-appellant/defendant-appellant Integon Indemnity Corporation.*

*White & Stradley, PLLC, by J. David Stradley and Ann C. Ochsner, for plaintiffs-appellees/defendants-appellees Benjamin L. Eagles and Joseph P. Tunstall.*

ZACHARY, Judge.

Before us are related appeals arising from the aftermath of a jury's $40,000,000 verdict against Shemaro Deann Webb and LaDorothy Breanna Foreman, which this Court has recognized as "appear[ing] to be the largest drunk[-]driving verdict in North Carolina history." *Chappell v. Webb*, 295 N.C. App. 13, 18, 905 S.E.2d 346, 353 (2024), *disc. review denied*, ___ N.C. ___, 916 S.E.2d 252 (2025). The instant appeals involve Integon Indemnity Corporation ("Integon Indemnity"), which issued automobile liability insurance policies to Webb and Foreman, and Benjamin L. Eagles and Joseph P. Tunstall ("the Receivers"), the court-appointed receivers for judgment debtors Webb and Foreman, respectively. COA25-263 concerns the Receivers' claims filed against Integon Indemnity in Nash County Superior Court ("the Nash County Action"), while COA25-264 concerns Integon Indemnity's declaratory judgment action filed in Forsyth County Superior Court ("the Forsyth County Action").

In COA25-264, the Forsyth County appeal, Integon Indemnity appeals the trial court's orders (1) abating the Forsyth County Action "under the prior pending action doctrine"; and (2) denying Integon Indemnity's motion for reconsideration of the order denying its motion to compel a deposition. In COA25-263, the Nash County appeal,

Integon Indemnity appeals the trial court's orders (1) denying Integon Indemnity's motion to dismiss the Nash County Action or, in the alternative, to transfer venue or stay proceedings; and (2) denying Integon Indemnity's motion for reconsideration of the denial of its motion to compel a deposition, entered in the Forsyth County Action.

After careful review, we first conclude that Integon Indemnity never properly invoked the trial court's subject-matter jurisdiction over the Forsyth County Action. Consequently, in COA25-264, the Forsyth County appeal, we vacate and remand to the trial court with instructions to dismiss Integon Indemnity's complaint without prejudice. In COA25-263, the Nash County appeal, we affirm the trial court's order denying Integon Indemnity's motion to dismiss the Nash County Action or, in the alternative, to transfer venue or stay proceedings.

## I.  Background

On 18 September 2020, Susan Renee Chappell suffered fatal injuries in a car accident following a head-on collision with another vehicle. The second vehicle was driven by Webb and owned by Foreman, who was also involved as a passenger. *Id.* at 14, 905 S.E.2d at 351. Both Webb and Foreman had automobile liability insurance policies issued by Integon Indemnity. Each policy provided a maximum liability coverage of $30,000 per person and $60,000 per accident for bodily injury.

The Chappell estate rejected Integon Indemnity's initial settlement offer but submitted a counteroffer. After Integon Indemnity failed to respond within 30 days,

the Chappell estate withdrew its counteroffer and filed a wrongful-death action against Integon Indemnity's insureds (Webb and Foreman) in Franklin County Superior Court. Following a trial, a Franklin County jury found Webb and Foreman jointly and severally liable for $15,000,000 in compensatory damages; the jury also awarded punitive damages, finding Webb liable for $5,000,000 and Foreman liable for $20,000,000. *Id.* at 15, 905 S.E.2d at 351. On 28 April 2023, the trial court entered judgment upon the jury's verdicts.

However, the Chappell estate's attempts to execute the judgment proved unsuccessful: the estate had writs of execution issued against the judgment-debtors' property, which were returned unsatisfied. Consequently, the estate initiated supplemental proceedings in aid of execution by filing a motion in Franklin County Superior Court seeking the appointment of receivers for the judgment-debtors, Webb and Foreman. A receiver would be able to prosecute any claims that Webb and Foreman might raise against Integon Indemnity arising from its handling of the Chappell estate's offer to settle its wrongful-death claim and the resulting $40,000,000 judgment against Webb and Foreman. If successful, the proceeds could then be applied toward satisfaction of the judgment. *See* N.C. Gen. Stat. §§ 1-362, 1-363 (2023).

On 21 August 2023, Integon National Insurance Company ("Integon National") initiated the Forsyth County Action by filing a complaint against Webb, Foreman,

and the Chappell estate. Integon National sought a declaratory judgment determining that there had been no bad-faith refusal to settle, no violation of the Unfair and Deceptive Trade Practices Act, and no breach of contract.

The Franklin County Superior Court appointed the Receivers by order entered on 18 September 2023 ("the Receivership Order"). On 21 September 2023, the Chappell estate and the Receivers filed a motion in the Forsyth County Action to substitute the Receivers as real parties in interest, together with a motion to dismiss.

On 29 September 2023, the Receivers initiated the Nash County Action by filing a complaint against Integon Indemnity in Nash County Superior Court, asserting claims for breach of the contractual duty to settle, unfair or deceptive trade practices, and bad-faith refusal to settle.

The Chappell estate and the Receivers filed an amended motion to substitute real parties in interest, an amended motion to dismiss, and an answer in the Forsyth County Action on 5 October 2023. In the amended motion to dismiss, they contended that Integon National lacked standing to file the Forsyth County Action because Integon Indemnity issued the insurance policies to Webb and Foreman, and therefore, the action should be dismissed with prejudice pursuant to N.C. R. Civ. P. 12(b)(6).

On 16 October 2023, Integon National moved to amend its complaint in the Forsyth County Action, seeking to change the plaintiff from Integon National to Integon Indemnity. That same day, Integon National voluntarily dismissed its claims

against the Chappell estate.

On 2 November 2023, Integon Indemnity filed a motion to dismiss the Nash County Action pursuant to Rule 12(b)(3) of the Rules of Civil Procedure, asserting that the Receivers were "precluded as a matter of law from raising claims against Integon [Indemnity] in [Nash County] based on the governing Receivership Order." In the alternative, Integon Indemnity moved to transfer venue to either Forsyth County or Franklin County, or to stay the proceedings in the Nash County Action pending the outcome of the Forsyth County Action.

The trial court entered an order in the Forsyth County Action on 15 November 2023 substituting the Receivers as defendants in place of Webb and Foreman. On 7 December 2023, the court entered orders denying the Receivers' amended motion to dismiss, granting Integon National's motion to amend its complaint "to identify Integon Indemnity" as plaintiff, and deeming the amended complaint properly filed. On 5 January 2024, the Receivers filed a motion to dismiss Integon National's amended complaint, along with, *inter alia*, an answer, counterclaims, and a motion to abate the Forsyth County Action.

On 9 February 2024, the parties filed a joint motion recommending that both actions be designated as exceptional pursuant to Rule 2.1 of the General Rules of Practice for the Superior and District Courts and requesting that the cases be assigned to the Honorable Edwin G. Wilson. 20 February 2024, the Chief Justice of

the North Carolina Supreme Court designated the Forsyth County Action and the Nash County Action as exceptional and assigned them to Judge Wilson.

Meanwhile, in May 2024, Integon Indemnity sought to schedule the depositions of certain attorneys involved in the Franklin County wrongful-death action. The Receivers filed a motion for a protective order seeking to bar such depositions in both actions; in response, Integon Indemnity filed a motion to compel the depositions in both actions.

On 12 July 2024, the court entered an order in the Forsyth County Action granting the Receivers' motion for a protective order and denying Integon Indemnity's motion to compel the depositions. On 17 July 2024, Integon Indemnity filed a Rule 54(b) motion for reconsideration of the order denying its motion to compel as to one of the attorneys whose deposition it sought.

At a hearing on 22 July 2024, the trial court announced its intention 1) to deny Integon Indemnity's motion for reconsideration and deny its motion to dismiss the Nash County Action, and 2) to abate the Forsyth County Action. Integon Indemnity filed notices of appeal from these oral rulings in both cases on 21 August 2024. On 27 August 2024, the court entered written orders reflecting its oral rulings. Neither the trial court's order denying Integon Indemnity's motion to compel nor Integon Indemnity's motion for reconsideration were entered in the Nash County Action.

Integon Indemnity timely filed amended notices of appeal from the 27 August

2024 orders.

## II.     The Forsyth County Action

We first address Integon Indemnity's appeal from orders entered in the Forsyth County Action. On appeal, Integon Indemnity argues that the trial court erred by abating the Forsyth County Action and by denying its motion for reconsideration of the denial of its motion to compel a deposition. However, our careful review of the record reveals that Integon Indemnity failed to properly invoke the subject-matter jurisdiction of the trial court.

### A.  Standard of Review

"Standing is a necessary prerequisite to the court's proper exercise of subject[-]matter jurisdiction. If a party does not have standing to bring a claim, a court has no subject[-]matter jurisdiction." *In re Menendez*, 259 N.C. App. 460, 462, 813 S.E.2d 680, 683 (2018) (cleaned up). "The issue of standing may be raised for the first time on appeal and by this Court's own motion." *Id.*

"Whether a trial court possesses subject-matter jurisdiction over a case is a question of law, which this Court reviews de novo." *Bassiri v. Pilling*, 287 N.C. App. 538, 543, 884 S.E.2d 165, 169 (2023). "When conducting de novo review, this Court considers the matter anew and freely substitutes its own judgment for that of the trial court." *Id.* at 544, 884 S.E.2d at 169 (cleaned up).

### B. Analysis

"A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity." *Intrepid Direct Ins. Agency v. Amerex Corp.*, 298 N.C. App. 384, 388, 915 S.E.2d 196, 199 (2025) (citation omitted). "Therefore, 'whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.' " *Id.* (brackets omitted) (quoting N.C. Gen. Stat. § 1A-1, Rule 12(h)(3)).

As our Supreme Court has explained, "[s]tanding refers to whether a party has a sufficient stake in an otherwise justiciable controversy such that [it] may properly seek adjudication of the matter." *Town of Midland v. Harrell*, 385 N.C. 365, 371, 892 S.E.2d 845, 850 (2023) (citation omitted). "If a plaintiff does not have standing to assert a claim for relief, the trial court lacks subject[-]matter jurisdiction over the claim." *Id.* "Standing is measured at the time the pleadings are filed. In other words, a plaintiff must have standing at the time of filing to have standing at all. Subsequent events cannot confer standing retroactively." *Id.* (cleaned up).

In the Forsyth County Action, Integon National filed the initial complaint. Yet, as Integon National acknowledged in its motion to amend the complaint, "[t]he insurer who issued the relevant policies of insurance about which the Complaint is based is Integon Indemnity." Accordingly, Integon National did not have "a sufficient stake in an otherwise justiciable controversy" such that it may have properly sought adjudication of the matter. *Id.* (citation omitted). "Lacking subject-matter

jurisdiction, the trial court was not authorized to rule upon [Integon National]'s motion to amend, and moreover, was bound to dismiss this matter." *Intrepid Direct*, 298 N.C. App. at 389, 915 S.E.2d at 199; *see* N.C. Gen. Stat. § 1A-1, Rule 12(h)(3).

Integon Indemnity asserts that "[e]ven accepting as true that Integon National did not have standing to file the Forsyth County Action, the Receivers' attempt to dismiss the Forsyth County Action was denied and Integon Indemnity filed an amended complaint." Integon Indemnity correctly notes that the "Receivers never appealed that ruling." And according to Integon Indemnity, "[i]t is a perverse reading of North Carolina law for a party to actively participate in litigation for years, including prosecuting a counterclaim, only to then seek to invalidate the action in its entirety after an adverse ruling is rendered or a certain time limit has expired."

To the contrary, "[i]t is the continuing duty of this Court to [e]nsure, even *sua sponte*, that the trial court had subject[-]matter jurisdiction in every action it took." *Quevedo-Woolf v. Overholser*, 261 N.C. App. 387, 409, 820 S.E.2d 817, 832 (2018), *disc. review denied and appeal dismissed,* 372 N.C. 359, 828 S.E.2d 164 (2019). "Further, the parties cannot create subject[-]matter jurisdiction by consent, waiver or estoppel, and therefore failure to object to the jurisdiction is immaterial." *Sinclair v. Sinclair*, 291 N.C. App. 435, 438, 896 S.E.2d 256, 258 (2023) (cleaned up). It is of no moment that the trial court granted Integon National's motion to amend its complaint, as the court had no jurisdiction to do so. "Because [Integon National]

lacked standing to bring these claims, the complaint was a nullity; consequently, the trial court lacked subject-matter jurisdiction to consider the motion to amend . . . and was therefore required to grant [the Receivers'] motion[ ] to dismiss." *Intrepid Direct*, 298 N.C. App. at 387–88, 915 S.E.2d at 198.

Integon Indemnity's plea to overlook these fundamental principles threatens to set a precedent that parties can excuse a trial court's lack of subject-matter jurisdiction where convenient and proceed with litigating a nullity in the interest of judicial economy. It is the duty of this Court to reject this argument. Due to its own error, Integon National was inadvertently named as plaintiff instead of Integon Indemnity at the time of the complaint's filing, "a mistake that deprived the trial court of subject-matter jurisdiction" over the Forsyth County Action. *Id.* at 389, 915 S.E.2d at 199.

"[W]hen a trial court determines that it lacks subject-matter jurisdiction over a matter because of the plaintiff's failure to establish standing, . . . the matter is properly dismissed without prejudice pursuant to Rule 12(b)(1)." *Pugh v. Howard*, 288 N.C. App. 576, 588, 887 S.E.2d 734, 744 (2023). Accordingly, we vacate the orders on appeal in COA25-264 "and remand this matter to the trial court to dismiss the [Forsyth County Action] without prejudice." *Id.* at 589, 887 S.E.2d at 745.[1] In light of

---

[1] The Receivers have filed with this Court a motion to dismiss the appeal in COA25-264 for lack of subject-matter jurisdiction. We dismiss the motion as moot.

this disposition, we do not address the merits, if any, of the arguments that Integon Indemnity raises on appeal from the Forsyth County Action. *See id.*

### III.    The Nash County Action

In the Nash County Action, Integon Indemnity appeals from the trial court's order denying its motion to dismiss the Nash County Action or, in the alternative, to transfer venue or stay proceedings. For the following reasons, we conclude that Nash County is a proper venue and disagree with Integon Indemnity's arguments otherwise.

Integon Indemnity also attempts in the Nash County Action to appeal from the trial court's order denying its motion for reconsideration of the order denying its motion to compel a deposition. However, the motion for reconsideration and the order denying the motion were only filed in the Forsyth County Action, which we have determined is a nullity. Consequently, the order denying the motion for reconsideration is a nullity as well. We shall not consider any arguments on that issue.

### A. Interlocutory Jurisdiction

As a threshold issue, we first consider Integon Indemnity's invocation of our interlocutory jurisdiction. Generally, this Court only hears appeals from final judgments. *See* N.C. Gen. Stat. § 7A-27(b)(1)–(2). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for

further action by the trial court in order to settle and determine the entire controversy." *Hanesbrands Inc. v. Fowler*, 369 N.C. 216, 218, 794 S.E.2d 497, 499 (2016) (citation omitted). "An appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to [the] appellant if not corrected before appeal from final judgment." *Id.* (cleaned up); *see also* N.C. Gen. Stat. §§ 1-277(a), 7A-27(b)(3)(a).

Integon Indemnity claims that the trial court's order denying its motion to dismiss the Nash County Action affects a substantial right sufficient to invoke our interlocutory jurisdiction.[2] First, Integon Indemnity cites several opinions of this Court for the proposition that "the trial court's order denying the motion to dismiss for improper venue affects a 'substantial right' and is, thus, immediately appealable." But Integon Indemnity fails to address the important distinction between mandatory and discretionary changes of venue.

As our Supreme Court has explained, "[a] party may move for a change of venue (1) when the venue is legally improper or (2) when the change would promote the convenience of witnesses and the ends of justice. Our cases treat the first of these venue changes as mandatory; the second is discretionary." *Stokes v. Stokes*, 371 N.C. 770, 773, 821 S.E.2d 161, 164 (2018) (cleaned up); *see also* N.C. Gen. Stat. § 1-83(1)–

---

[2] The motion and order for reconsideration were filed in the Forsyth County Action, the proceedings of which we have determined are a nullity. Thus, we will not address appellate jurisdiction with regard to the order for reconsideration.

(2). "An interlocutory order changing venue as of right affects a substantial right and thus is immediately appealable." *Stokes*, 371 N.C. at 773, 821 S.E.2d at 164. However, "an appeal from a discretionary ruling as to venue is interlocutory, does not affect a substantial right, and is not immediately appealable." *Id.* at 774, 821 S.E.2d at 164 (citation omitted).

Here, Integon Indemnity asserts that Nash County is a "legally improper venue" and that therefore the trial court's denial of its motion to dismiss affects a substantial right, rendering it immediately appealable. We agree that this Court has jurisdiction to entertain this appeal and proceed to the merits.

## B. Venue

Integon Indemnity argues that "[t]he Nash County Action should have been dismissed" as Nash County is a legally improper venue. In the alternative, Integon Indemnity asserts that the Nash County Action "should have been stayed in favor of the Forsyth County Action," but this argument is without merit in that we have determined that the Forsyth County Action is a nullity. Integon Indemnity also contends that "if the Nash County Action were not dismissed or stayed it should have been transferred to Forsyth County or Franklin County." Ultimately, Integon Indemnity's appeal of this issue is entirely based upon the premise that Nash County is a legally improper venue, a contention with which we disagree.

### 1. *Standards of Review and Applicable Legal Principles*

"Venue" is defined as "the proper or a possible place for a lawsuit to proceed, usually because the place has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant." *Stokes*, 371 N.C. at 773, 821 S.E.2d at 163 (cleaned up). "This Court has articulated a two-step analysis for review of issues of venue." *Osborne v. Redwood Mountain, LLC*, 275 N.C. App. 144, 147, 852 S.E.2d 699, 702 (2020). "The first step is determining the proper venue for a case, which is based upon the substantive statute for the particular type of claim. This determination of proper venue under the substantive statute presents a question of law which is reviewed de novo." *Id.* (citation omitted).

"The next step is determining whether a change of venue is appropriate under the procedural statute regarding changes of venue." *Id.* (cleaned up). "Generally, a trial court's denial of a motion to change venue will not be disturbed absent a showing of a manifest abuse of discretion." *Jarman v. Twiddy & Co. of Duck, Inc.*, 289 N.C. App. 319, 325, 889 S.E.2d 488, 494 (2023) (cleaned up).

### 2. Analysis

We begin our analysis with the first of the two steps described above: "determining the proper venue" for the Nash County Action, "which is based upon the substantive statute for the particular type of claim." *Osborne*, 275 N.C. App. at 147, 852 S.E.2d at 702 (citation omitted). "It has long been understood that venue is regulated by statute. Indeed, for certain causes of action the appropriate venue is

designated by statute." *Id.* at 147–48, 852 S.E.2d at 702 (citation omitted). "However, there are specific venue statutes for only a limited number of actions; thus, it is well established that all civil actions are governed by venue statutes of general application, unless subject to a venue statute of more specific application." *Id.* at 148, 852 S.E.2d at 702 (cleaned up); *see also* N.C. Gen. Stat. §§ 1-82–84.

In this case, the Receivers asserted claims for breach of the contractual duty to settle, unfair or deceptive trade practices, and bad-faith refusal to settle. As there are no specific venue statutes governing these claims, we turn to the general venue statutes.[3] Section 1-82 provides, in pertinent part, that "the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its

---

[3] The North Carolina Commercial Receivership Act specifically provides: "Unless the court orders otherwise, an action by or against the receiver or relating to the receivership or receivership property shall be commenced *in the court in which the receivership is pending*." N.C. Gen. Stat. § 1-507.38(b) (emphasis added). By its own terms, however, the Commercial Receivership Act only applies to receiverships "in which the debtor is an entity or an individual business debtor," *id.* § 1-507.21(a); it expressly states that "no individual other than an individual business debtor may be a debtor in a receivership under this Article, and this Article shall not apply to receiverships of such persons," *id.* § 1-507.21(b). An "[i]ndividual business debtor" is defined as "[a]n individual owing consumer debt," *id.* § 1-507.20(b)(15); "[c]onsumer [d]ebt" is defined as "[d]ebt incurred by an individual primarily for a personal, family, or household purpose," *id.* § 1-507.20(b)(4). Moreover, § 1-507.21(c) provides that "[u]nless explicitly displaced by a particular provision of this Article, the provisions of other statutory law and the principles of common law and equity remain in full force and effect and supplement the provisions of this Article." *Id.* § 1-507.21(c). Accordingly, the specific venue statute found in § 1-507.38(b) does not govern this case.

Further, this recent legislative enactment supports an inference that the *Hartford* line of cases still governs as to venue in receiverships that are beyond the scope of the Commercial Receivership Act. The legislature is presumed to be familiar with that precedent and to have chosen not to disturb it. *See, e.g.*, *State ex rel. Cobey v. Simpson*, 333 N.C. 81, 90, 423 S.E.2d 759, 763 (1992) ("To ascertain legislative intent with regard to the recent enactment, we presume that the legislature acted with full knowledge of prior and existing law and its construction by the courts."). "Had the General Assembly intended" to abrogate the residence-of-receivers principle articulated in the *Hartford* line of cases, "it knew how to say so." *Fabrikant v. Currituck County*, 174 N.C. App. 30, 42, 621 S.E.2d 19, 28 (2005).

commencement." *Id.* § 1-82.

With regard to a receiver's county of residence, our Supreme Court has long recognized that "in determining the residence of fiduciaries for the purpose of venue or citizenship, the personal residence of the fiduciary controls, in the absence of statute. This is true as to receivers, trustees, executors and administrators." *Hartford Accident & Indem. Co. v. Hood*, 225 N.C. 361, 362, 34 S.E.2d 204, 204 (1945) (citations omitted).[4] Thus, an action is properly brought by a receiver in the county in which the receiver resides where there is no statute providing otherwise.

Accordingly, we conclude that, under § 1-82 and our well-settled precedent, the counties of residence of the Receivers are legally proper venues for the Nash County Action. Consequently, in that Nash County is the residence of Tunstall, one of the Receivers, Nash County is a legally proper venue for this case.

Integon Indemnity further argues that, in the Receivership Order, the Franklin County Superior Court retained exclusive jurisdiction of the claims advanced in the Nash County Action, notwithstanding the determinations of our Supreme Court and our General Assembly. The Receivership Order provides in part:

> This Court *hereby takes exclusive jurisdiction and possession of any chose in action belonging to either* [*judgment debtor*] *which is related to matters that arose from the motor vehicle collision described in the Complaint which killed* [*the*] *decedent, Susan Renee Chappell,*

---

[4] The pertinent portions of § 1-82 have not been changed from the version in effect in 1945. *See* N.C. Gen. Stat. § 1-82 (1943).

> including but not limited to: (a) any claim for damages
> against any insurer or against any employee or agent of
> any insurer; and (b) any claim for the breach of a duty to
> properly advise either [judgment debtor] about the proper
> course of handling a legal claim.

(Emphasis added).

Based on the emphasized language, Integon Indemnity contends that the Receivers "depriv[ed] Franklin County of its 'exclusive jurisdiction and possession' over" the Nash County Action and that "the Receivers were not permitted to file a lawsuit outside of Franklin County other than as related to the already pending Forsyth County Action." Our careful review of the receivership statutes reveals that, to the extent that a superior court limits the legally proper venues in which a receiver may file related claims, it exceeds its statutory authority.

Section 1-501 governs the general judicial appointment of receivers and provides in relevant part:

> Any resident judge of the Superior Court Division or any
> nonresident judge of the Superior Court Division assigned
> to a district who appoints receivers pursuant to the
> authority granted hereby while holding court in that
> district may, in his discretion, *retain jurisdiction and
> supervision of the original action, of the receivers appointed
> therefor and of any other civil actions pending in the same
> district involving the receivers*, following his rotation out of
> the district.

N.C. Gen. Stat. § 1-501 (emphasis added).

We do not read this statute as authorizing the appointing court to retain

exclusive jurisdiction over future actions brought by appointed receivers such that the court may functionally abrogate § 1-82 and our precedents interpreting it. Under § 1-501, the Franklin County Superior Court could retain jurisdiction and supervision of the original action, which here was *Chappell v. Webb*; the Receivers themselves; and any other civil actions pending in the same district involving the Receivers. However, § 1-501 does not authorize the trial court's retention of jurisdiction over any future actions that the Receivers may bring.

Accordingly, we conclude that the Receivership Order does not bear upon our analysis of the legally proper venue for the Nash County Action. As Nash County is a legally proper venue for this action under § 1-82 and our longstanding precedent interpreting it, the trial court did not err by denying Integon Indemnity's motion to dismiss for improper venue. Further, as the Forsyth County Action is a nullity, the court did not err by denying Integon Indemnity's motion, in the alternative, to stay proceedings pending the outcome of that case.

Finally, Integon Indemnity makes no argument on appeal that the trial court abused its discretion by denying its motion to transfer; its sole argument in support of this position is grounded in the errant premise that "Nash County is an improper venue" for this action. In that we have rejected the underlying basis for this proposition, we are bound to conclude that the trial court did not abuse its discretion by denying Integon Indemnity's motion to transfer.

## IV.    Conclusion

For the foregoing reasons, in COA25-264, we vacate the orders on appeal in the Forsyth County Action and remand to the trial court with instructions to dismiss the action without prejudice. In COA25-263, we affirm the trial court's order denying Integon Indemnity's motion to dismiss the Nash County Action or, in the alternative, to transfer venue or stay proceedings.

COA25-263: AFFIRMED.

COA25-264: VACATED AND REMANDED.

Chief Judge DILLON and Judge FREEMAN concur.

Report per Rule 30(e).